George Frank FENNELL, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13507.

Court of Criminal Appeals of Oklahoma.

Nov. 18, 1964.

Robert H. Macy, Ada, for plaintiff in error.

Charles Nesbitt, Atty. Gen., and Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

JOHNSON, Presiding Judge.

George Frank Fennell was tried and convicted in the district court of Pontotoc County on a charge of first degree burglary, after former conviction of a felony. The

jury found him guilty on both the charge of burglary in the first degree, and as a second and subsequent offender, the proof showing that he had entered a plea of guilty to a charge of burglary in the State of California on March 17, 1961. In the California case the record introduced showed that defendant was fined $150 and given a suspended sentence of two years.

The jury in this case was unable to agree on the punishment and left that to the court, who assessed his punishment at ten years in the State Penitentiary.

No brief was filed in behalf of the defendant, but on the date the case was assigned for oral argument his attorney appeared before this Court and made a very able argument.

The evidence in this case discloses that Arthur Lee Tribbey and his wife Ann, with their two-months old baby lived in a garage apartment owned by Mrs. Myrl King, in the town of Ada, Pontotoc County.

On the night of August 13, 1963 Mr. and Mrs. Tribbey, with their baby, had been to the home of his parents in Ada and visited until about 12 o'clock midnight. Mr. Tribbey testified that they returned home and he let his wife out of the car at the foot of the stairs of their apartment and he went down town to his place of business to do some work.

Mrs. Tribbey testified that when she went into the apartment she noticed some object on the bed that had not been there when she left, and which led her to believe that someone had been in the apartment. She went through the apartment, and found the rear door unlocked. The apartment was over a three-car garage, with stairs at the side and also at the back. Mrs. Tribbey testified that she locked the back door and just as she reached the front door someone turned the knob. She quickly placed her foot against the door and locked it, and slipped the chain in place. She testified that the party at the door then knocked, and she pulled the shade aside and saw the defendant standing at the door. He told her to open the door, that he was a deputy sheriff, and for her to let him

in. She observed that he had a screw driver in his hand. When she refused to open the door he went down the front steps, and she went to the kitchen and got a butcher knife. She then heard him trying some of the windows, and he opened the front screen door and broke the glass, reached in and turned the door knob, but did not get the door open on account of the chain. When he inserted his hand to turn the knob, she struck him a time or two with the knife, and he left and went down the stairs. She then called to Mrs. King, and when she responded, Mrs. Tribbey went down to Mrs. King's kitchen, and called Mr. Tribbey and the police. She did not have a telephone in the apartment. While in Mrs. King's kitchen, she saw the defendant go back up the steps; and Mrs. King also testified to seeing a man, wearing a red shirt, going up.

Police Lieutenant James Branam testified to being called to the apartment; that the glass was broken out of the front door and there was blood on the shade on the inside of the door, and also on the porch floor, down the steps and a pool of blood under the front steps. He arrested the defendant the next day. A picture of the broken glass door and of the hand of defendant showing a cut, a piece of the torn shade and a red plaid shirt Mrs. Tribbey and Mrs. King had testified the defendant was wearing and which the defendant admitted to police he had worn the night before, were introduced in evidence.

The attorney for the defendant testified in his behalf, and the defendant also testified as to the second sheet or charge of the information, concerning his conviction in California.

In his petition in error the defendant sets out thirteen assignments of error, most of them the stock list of errors. He also complains that the court erred in its instructions to the jury, but a careful reading of such instructions fails to show that exceptions were taken to any of the instructions given, and we are of the opinion that the court substantially instructed the jury as applied to the facts in this case.

 Defendant also complains that the court erred in refusing to allow defendant's proposed instruction. This instruction had to do with voluntary intoxication, but there is no evidence in the record that the defendant was intoxicated or drinking at the time of the crime charged, and we are of the opinion that it was not error to refuse to give this instruction.

We consider defendant's assignment of error No. 11 the most serious error complained of. It is as follows: "That the Court erred in overruling defendant's challenge for cause of the prospective juror Andy French."

Title 38 O.S.A. § 28 sets out the qualifications and exceptions for jurors, and reads in part:

"All citizens residing in this State, having the qualifications of electors, of sound mind and discretion, of good moral character, not Justices of the Supreme Court, or Judges of the Criminal Court of Appeals, District Court, Superior Court, Court of Common Pleas, County Court, Justice of the Peace, sheriffs, or deputy sheriffs, constables, jailers, or any law enforcement officer or person having custody of prisoners * * * are competent jurors to serve on all grand and petit juries within their counties * * *."

In the record we find the following, occurring during the voir dire examination of prospective juror A. M. French:

"By Mr. Macy [attorney for defendant]: I am going to ask that this juror be removed for cause, in that the statutes of Oklahoma provide that any constable or deputy sheriff of any county is disqualified from serving as a juror, and I feel that the meaning of this statute would also encompass a police officer. And especially, in a case where the police officer is a member of a department wherein its members are appearing as prosecuting witnesses and involving a case that was investigated by officers of the city by which this gentleman is employed.

"By the Court: Let the record show that on questions just prior to Mr. Macy's statement there, he brought out from Mr. French that he was a member of the police force, and that he could give the defendant a fair trial, even though, fellow police officers might be called as witnesses. And that none of the answers that he has given to Mr. Macy's questions indicate any prejudice or bias in any manner. And the request will be overruled.

"By Mr. Macy: Show my exception.

"By the Court: State's third challenge.

"By Mr. Mayhue: We waive.

"By the Court: The defendant's third.

"By Mr. Macy: Andy French.

"By the Court: Step down, Mr. French, please sir."

 It is our opinion that under the provisions of the statute hereinbefore quoted (as amended in 1959), Mr. French was not a competent juror to serve on this jury, and that it was error for the court to force the defendant to exercise a challenge to get him off. However, the record shows that when the jury, as finally accepted, was seated, the defendant had not exercised one of his challenges. This Court has repeatedly held that it is not error alone that reverses judgments of conviction of crime in this State, but error plus injury, and the burden is upon the plaintiff in error to establish to the appellate court the fact that he was prejudiced in his substantial rights by the commission of error. Barber v. State, 388 P.2d 320 (Okl.Cr.); Harrell v. State, Okl.Cr., 381 P.2d 164, and cases cited.

In Musgraves v. State, 48 Okl.Cr. 418, 292 P. 376, this Court held:

"Where there is no evidence in the record to show that the defendant was required and had exhausted all his peremptory challenges at the time he challenged the juror, and by that reason was deprived of a fair and impartial jury in the trial of the cause, there

is no showing of prejudicial error on the part of the trial court in overruling the challenge for cause to such juror".

See also Wheatcraft v. State, 32 Okl.Cr. 379, 240 P. 753; Davis v. State, 53 Okl.Cr. 411, 12 P.2d 555; Moore v. State, 96 Okl.Cr. 118, 250 P.2d 46.

■ There are other errors assigned which have not been overlooked, but have been given due consideration. After a careful consideration of all the errors assigned and argued, we are of the opinion that none of them possess sufficient merit to warrant a reversal of the case. The evidence is sufficient to sustain the verdict of the jury. No fundamental or prejudicial errors appear in the record sufficient to warrant a reversal.

The judgment of the district court of Pontotoc County is affirmed.

BUSSEY and NIX, JJ., concur.