**John Wellington SEVERS, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14992.**

Court of Criminal Appeals of Oklahoma.

Nov. 25, 1970.

Jo-Ann Fisher Corrigan, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Dale F. Crowder, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Plaintiff in error, John Wellington Severs, hereinafter referred to as defendant, was charged by information in the District Court of Oklahoma County with the crime of Rape in the First Degree. Specifically the defendant was charged with having sexual intercourse with one Sherry Lynn Severs, the 14 year old daughter of the defendant.

A sanity trial was held on April 15, 1968, in which the jury returned a verdict finding the defendant presently sane. The case then came on for trial by jury on April 16, 1968, and the jury returned a verdict finding the defendant guilty as charged and setting his punishment at imprisonment for 99 years. Motion for new trial was overruled and judgment and sentence was imposed on April 25, 1968, in accordance with the jury verdict and this appeal perfected therefrom.

Since the evidence is not in issue on appeal it is not necessary to recite the details of the evidence presented at the trial other than to say that the act of intercourse alleged was testified to by the prosecutrix and two other witnesses testified that the defendant admitted having relations with the prosecutrix. Defendant denied the charge, and the defense attempted to establish a pattern of abnormal violent behavior on the part of the defendant, indicating lack of sanity.

Defendant's first assignment of error is that the trial court improperly overruled a motion for continuance. On April 2, 1968, the defendant appeared in District Court for formal arraignment without counsel at which time the court appointed the public defender to represent him. On April 10, 1968, an order endorsing four additional out of state witnesses was filed. The case had been set for trial on April 15th and defendant argues that due to delayed endorsement of witnesses, a continuance was necessary. As a part of the motion for continuance was an application for commitment for mental observation. Defendant argues that the continuance should have been granted and defendant committed for mental observation in order to allow a proper and adequate defense.

We are not persuaded that the order endorsing additional witnesses five days before the trial was set denied the defendant sufficient time to properly prepare for his defense. It will be noted that Art. 2, § 20, of the Oklahoma Constitution provides that in capital cases the defendant shall be furnished with a list of witnesses at least two days before the case is called for trial. Clearly this provision has been complied with in the instant case. Thus we find no merit to the contention that the trial court erred in denying the motion for continuance for the reason of endorsing additional witnesses five days before the case was set for trial. See, Born v. State, Okl.Cr., 397 P.2d 924 (1964).

Furthermore, we do not find that the denial of the application to commit for mental observation was an abuse of discretion since the defendant was afforded a sanity trial by jury prior to the trial of the charge of Rape. We cannot say as a matter of law that the defendant was denied any legal right when the trial court accepted a jury verdict finding the defendant mentally competent to make a rational defense rather than committing him to a state mental hospital for observation. We therefore conclude that the defendant's contention that the trial court erred in failing to grant a motion for continuance and commitment is without merit as there is no showing of abuse of discretion. Bearden v. State, Okl.Cr., 458 P.2d 914 (1969).

Defendant contends his second assignment of error that the demeanor and conduct of the prosecuting attorney was prejudicial to the defendant and operated to deny him a fair and impartial trial. Specifically, defendant cites the prosecuting attorney's remark "I see no point in this dog and pony show going any further." A reading of the record indicates that both counsel for the defendant and the state often indulged in unnecessary and emotional side remarks which have no part in a criminal trial. It is true that it is the responsibility of the trial court and prosecuting attorney to avoid introduction of improper evidence and unfair tactics which prejudice a defendant. Bald Eagle v. State, Okl.Cr., 355 P.2d 1015. Smith v. State, Okl.Cr., 405 P.2d 1020. Although there was misconduct on the part of both trial counsels, this Court is committed to the rule that misconduct by the prosecuting attorney is not reversible error where the proof of the defendant's guilt is overwhelming and the record does not indicate that the misconduct was prejudicial so as to substantially affect the jury's

finding. Carr v. State, Okl.Cr., 417 P.2d 833 (1960). Young v. State, Okl.Cr., 357 P.2d 562 (1950). Accordingly we find that the misconduct on the part of both counsels at the trial did not prejudice the substantial rights of the defendant in view of the overwhelming evidence of defendant's guilt. Harvell v. State, Okl.Cr., 395 P.2d 331 (1964).

It is defendant's third and final contention that the sentence imposed is excessive and should be modified under this Court's authority in 22 O.S.1961, § 1066. In seeking modification the defendant does not suggest that the sentence is beyond the statutory punishment applicable upon conviction. Rather defendant argues that the jury was impassioned and that reduction is thereby warranted.

This Court is hesitant to modify unless the record requires such as the fixing of a penalty is the function of a jury or trial court. Glenn v. State, Okl.Cr., 444 P.2d 839 (1968). Kelly v. State, Okl.Cr., 415 P.2d 187 (1966). This Court does not have the power to modify a sentence unless it can say that under all the facts and circumstances the sentence is so excessive as to shock the conscience of the court. Clouse v. State, Okl.Cr., 389 P.2d 1002 (1964). Upon reviewing the record in the instant case we find no error which substantially prejudices the rights of the defendant, and the evidence of guilt is abundant and clear. We are unable to hold that the sentence imposed shocks the conscience of the Court nor is there any indication in the record that the jury was unduly impassioned or prejudiced. We therefore find no basis for modification. The judgment and sentence is hereby Affirmed.

BUSSEY, J., and BRETT, P. J., concur.