Janelle TASSIN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16543.

Court of Criminal Appeals of Oklahoma.

Sept. 24, 1971.

Andrew T. Dalton, Jr., Public Defender, for plaintiff in error.

Larry Derryberry, Atty. Gen., Nathan J. Gigger, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Janelle Tassin, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Tulsa County for the offense of Robbery with a Dangerous Weapon, After Former Conviction of a Felony; his punishment was fixed at imprisonment for a term of not less than 30, nor more than 90 years, and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that on October 7, 1970, Mrs. Sandy Galcatcher was the manager of JuJu's Lounge in Tulsa. She testified that some time around 10:00 a. m., the defendant came in the lounge and ordered a beer. As she was working on a tally sheet, the defendant came up behind her and said: "Give me that money." He grabbed her and put his hands over her mouth. They struggled, and she saw a knife in his hand. He took the money register, and subsequently left.

Donald Innis testified that he operated a restaurant which was located across the street from the lounge. He observed the defendant come out of the lounge on the morning in question at a fast rate of speed and run down the street. He followed him for a short distance and determined the direction in which he was running. He returned to the lounge, observed Mrs. Galcatcher crying, and after a conversation, called the police.

Officer Baugess testified that he received communication on his radio about an armed robbery, a description of the suspect, and the direction of flight, about 10:00 a. m. He was in the immediate area, and within three or four minutes, observed the defendant hunched down in a bush. He placed the defendant under arrest, and found a knife and $94.00 on his person.

Officer Nightingale, a fingerprint expert, testified that he was called to the lounge on the day in question, and obtained a fingerprint from a glass at the tavern. He compared the fingerprint with a known fingerprint of the defendant, and in his

opinion, the print found at the lounge was that of the defendant.

The defendant did not testify, nor was any evidence offered in his behalf. The prior felony convictions were stipulated to.

The sole proposition states: "with the possible exception that the punishment in this case is excessive, it appears that the appellant's appeal is without merit." Within this proposition, the defendant raises the following questions:

(1) Improper identification of the defendant without counsel at the lineup;

(2) No probable cause for arrest;

(3) No Negroes on the jury; and

(4) No proof that defendant was represented by counsel at the Preliminary Hearings pertaining to each of the former convictions.

■ We have carefully examined each of the contentions raised by the defendant, and find them to be without merit. We observe that the trial court properly conducted an evidentiary hearing as to the identification and made a determination that Sandy Galcatcher made an independent identification of the defendant, in that he had been in the lounge some 18 times prior to the robbery, and that the identification was not improperly influenced by the lineup, in accordance with United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967).

■ We further observe that the arrest was lawful, in that Officer Baugess had reason to believe that the defendant had committed a felony. See Battles v. State, Okl.Cr., 459 P.2d 623.

■ Concerning the third contention that there were no Negroes on the jury, we observe that this issue was not raised until the Motion for New Trial. We note there is nothing in the record to show the systematic exclusion of Negroes, but rather when this question was raised in the Motion for New Trial, the trial court commented that the names of jurors were drawn at random, and there were several Negroes on the jury panel. We find this contention to be without merit.

■■ We similarly find the fourth contention that there was no proof that the defendant was represented by counsel at the Preliminary Hearings pertaining to each of the former convictions, to be without merit. We have previously held that the defendant must show prejudice in the obtaining of the conviction itself before the lack of counsel at Preliminary Hearings will be considered as reversible error. McCraw v. State, Okl.Cr., 476 P.2d 370. It is not required that the State prove that a defendant was represented by counsel at a Preliminary Hearing as a part of the proof for substantiating that the defendant had been formerly convicted of a felony.

■■ We finally must consider the excessiveness of punishment. We have repeatedly held that the Court of Criminal Appeals does not have the power to modify a sentence unless we can conscientiously say that under all the facts and circumstances the sentence is so excessive as to shock the conscience of the Court. Severs v. State, Okl.Cr., 477 P.2d 695. Considering the fact that this is the defendant's sixth felony conviction, we cannot conscientiously say that the sentence imposed shocks the conscience of this Court.

The defendant, on July 27, 1971, filed a pro se Supplemental Brief, consisting of 37 pages. We deem it unnecessary to list his propositions; however, we have examined his brief and find that none of his contentions have merit.

In conclusion, we observe that the record is free of any error which would justify modification or reversal. The judgment and sentence is accordingly affirmed.

NIX, and BRETT, JJ., concur.