Walter Jerry JONES and Rodger Lee Johnson, Plaintiffs in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16630.

Court of Criminal Appeals of Oklahoma.

Sept. 29, 1971.

Don Anderson, Public Defender, Russell B. Fister, Asst. Public Defender, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Walter Jerry Jones and Rodger Lee Johnson, hereinafter referred to as defendant Jones and defendant Johnson, were charged, tried, and convicted in the District Court of Oklahoma County of Burglary in the Second Degree after former conviction of a Felony. Punishment was fixed at thirty-five (35) years imprisonment for defendant Jones, and twenty (20) years imprisonment for defendant Johnson, and from said judgments and sentences a timely appeal has been perfected to this Court. A third defendant, Kinchion, was also tried and convicted, but does not appeal.

At the trial, Earnest Williamson testified that on August 5, 1970, he had occasion to be driving past a filling station at 1009 North Eastern Avenue in Oklahoma City, between 2:30 and 3:30 a. m. He noticed some of the station lights were not burning as usual, and after driving by, turned around and stopped at the station. He observed a man, whom he identified in court as defendant Jones, coming out from the back of the station with a tire tool in his hand. Defendant Jones stated that he had wanted to get some water from behind the station. Then Oscar Kirkland drove up, and after looking inside the station, instructed Williamson to hold defendant while he could call the police. Defendant Jones asked Williamson to "allow him a break; that he had just come back from down at the pen." Defendant Jones was driving an Oldsmobile and the trunk lid was open. He raised the hood while talking to Williamson.

Oscar Kirkland testified that he owned the service station at 1009 North Eastern Avenue, and he had locked it up about 11:00 p. m. on August 9, 1970. He had left ten lights burning, and when he returned about 2:30 the next morning, only one light was burning. An Oldsmobile was parked at the station that had not been there the night before. Coin vending machines in the station were broken into, a radio, rifle, battery charger, and tool box were missing, and another battery charger of his was in the Oldsmobile trunk. He identified Exhibits One and Two as his radio and rifle. His station had been broken into at the back door.

Officer McConnell, Oklahoma City Police Department, testified that he and his partner arrived at the station in the early morning of August 10, and observed persons holding defendant Jones in custody. He searched a 1958 blue Chevrolet parked in the rear of the station and found defendants Johnson and Kinchion hiding inside the trunk (Tr 57). After being given the Miranda warning, defendant Johnson stated that he did not break into the station, but that Jones and Kinchion had picked him up at 713 North Nebraska, and he did not know anything about the burglary.

Officer VanNess, Oklahoma City Police Department, testified that he was McConnell's partner that night and helped investigate the matter. A woman appeared whom VanNess knew to be Jones' mother, and whose address he knew to be 713 North Nebraska. He searched a vacant house south of this address and a garage on vacant property across the street, and in the garage found the radio and rifle, Exhibits One and Two.

Officer Smith, Oklahoma City Police Department, testified that on August 11,

1970, after giving the Miranda warning, he interrogated defendant Johnson in the city jail as follows (Tr 108):

"A. And then I proceeded to question him about the burglary. I cannot remember all of the exact questions or words which were in the conversation. However, upon questioning Mr. Johnson, if he had been inside that service station that night, he stated that he had. However, he stated that he was not present when the station was broken into, that it was rather vague as to who picked him up at his house, but stated that some other young men picked him up at his house at 713 N. Nebraska, and he stated that he had at that time, had some merchandise that had came from the, had come from the service station which they placed in one (1) of the vacant houses in that block in the seven hundred (700) block of North Nebraska. He didn't indicate actually which house.

Q. Did he say how many trips they made back and forth between the—

A. He stated that after that time that there was two (2) other trips made carrying merchandise back to the vacant houses."

Smith testified that he also interrogated Kinchion after giving the Miranda warning (Tr 111):

"A. Yes. He stated that on that night he was walking by the service station that night, and some—I believe he said, I am not sure of the number, but he stated, I believe, that two (2) other young men which he knew called him to the back of the service station. He did not name these two (2) young men. He stated that they. told him that they had broken into the station and wanted him to help them, at which time he stated that he did enter the station. He was rather vague as to any of the other events that took place from that point on.

Q. He did admit going into the station?

A. He admitted it at that time, yes, sir.

Q. Did he admit helping remove any of the property and putting it in the vacant houses?

A. He did not."

Defendant Kinchion testified that he arrived at the station about five minutes before the first car arrived. He denied being with defendant Jones earlier in the evening. Kinchion's version of the interview with Officer Smith was that he told Smith he and Johnson were passing by the station and met two boys who he had seen around, but whose names he did not know. These boys said they had broken into the station and taken stuff, and they invited Johnson and Kinchion to go in and help themselves (Tr 137). Kinchion walked into the station, looked around, and came out. As the car drove up, they "panicked." So, we ran and hid in the back of the '58 Chevrolet (Tr 138). He denied that either he or Johnson burglarized the station (Tr 141).

The prior convictions as to Jones and Johnson were stipulatd (Tr 219), and testified to (Tr 241, 243).

 The sole proposition asserts that the sentences were excessive. We have consistently held that we do not have the power to modify a sentence, unless we can say under all the facts and circumstances the sentence is so excessive as to shock the conscience of the Court. Severs v. State, Okl.Cr., 477 P.2d 695. We are of the opinion that the discrepancy between defendant Jones' sentence of thirty-five (35) years and defendant Johnson's sentence of twenty (20) years is not amply justified by the evidence. The discrepancy apparently was based upon the sole fact that defendant Jones' former conviction was for Robbery with Firearms After Former Conviction of a Felony, and that defendant Johnson's former conviction was

Burglary in the Second Degree. The additional conviction of defendant Jones does not, in our opinion, justify fixing his punishment at almost twice that of defendant Johnson.

In the interest of justice, the judgment and sentence of defendant Jones is modified to a term of twenty-five (25) years, and as so modified, the judgments and sentences of defendant Jones and defendant Johnson are affirmed. Modified and affirmed.

BRETT and NIX, JJ., concur.

