Jerry Dale **ROBINSON**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–76–207.

Court of Criminal Appeals of Oklahoma.

Nov. 4, 1976.

John D. Harris, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Douglas L. Combs, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Jerry Dale Robinson, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Tulsa County, Case No. CRF–75–1052, for the offense of Robbery by Force, in violation of 21 O.S.1971, § 791. His punishment was fixed at five (5) years' imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial Purdie McDaris, Jr. testified that on May 5, 1975, at approximately 3:00 p.m. he went to the Spot Bar in Dawson, Oklahoma. He engaged in a conversation with the defendant concerning the purchase of a gun. He left the bar and went home to get some money and returned with approximately $300.00. They had a further conversation concerning the guns and he left with defendant and two girls in his pickup truck. They went to an apartment in Owasso to look at the guns. While en route, defendant told him to pull the pickup over to the side of the road. Defendant hit him over the head, grabbed his wallet and defendant and the girls jumped out of the pickup, got into another car and sped away.

Cindy McDaris, Purdie's wife, testified that some time after 3:00 p.m. on May 5, 1975, she observed her husband's truck parked in the parking lot of the Spot Bar. She entered the bar and observed the defendant shooting pool. She subsequently went to a location near Highway 169 and

46th Street North, and observed her husband bleeding from the head and face.

Officer Kenneth Moser testified that on May 5, 1975, at approximately 6:30 p.m., he was directed to a location on East 46th Street North in Tulsa County. He observed lacerations on the top and back of McDaris' head.

 The first assignment of error is that the trial court erred in not sustaining defendant's demurrer to the evidence due to the failure of the State to prove the material allegations of the offense alleged. We disagree. The material allegation of the offense of Robbery by Force is a wrongful taking of personal property from the person or immediate presence of another by sufficient force to overcome the resistance of the victim. See *Snake v. State,* Okl.Cr., 453 P.2d 287 (1969). The testimony of Purdie McDaris, standing alone, establishes a prima facie case of Robbery by Force. In *Lauhoff v. State,* Okl.Cr., 508 P.2d 285 (1973), we stated:

". . . We have repeatedly held that where there is competent evidence reasonably tending to sustain the allegations of the charge, the trial court should not sustain a demurrer to the evidence. See *Martin v. State,* 92 Okl.Cr. 182, 222 P.2d 534 (1950); *Dorrough v. State,* Okl.Cr., 452 P.2d 816 (1969) and *McDoulett v. State,* Okl.Cr., 486 P.2d 654 (1971)."

 The final assignment of error is that the trial court erred in re-instructing the jury after it returned from its deliberations deadlocked so as to break the deadlock. The record reflects the following transpired:

"THE COURT: Ladies and Gentlemen, I have been advised by the bailiff that you think you're hung. Without telling us in which way, would you tell us just the numbers for or against, without telling us which ones are for, or which ones against.

"Nine and three.

"I want to tell you that if you are unable to reach a unanimous decision, and request further instructions, I will instruct you that the trial of this case has been conducted in a most efficient manner by competent lawyers on both sides, and that a re-trial of this case would no doubt present the same type of evidence, and the same expertise of the lawyers both on behalf of the State and on behalf of the defendant.

"For those of you who are in the minority, I would request that you re-examine your position as reasonable persons, and consider the rationalization of the majority. The final test of the quality of your services in this case will lie in the verdict which you return to the Court, not in the opinions any of you may have held and announced in your deliberations thus far, and now may hesitate to recede from because of a sense of pride. Remember that you're not partisans or advocates, but rather judges. Have in mind that you will make a definite contribution to efficient judicial administration if you arrive at a just and proper verdict in this case.

"To that end, the Court reminds you that in your deliberations in the jury room, there can be no triumph except in the ascertainment and the declaration of the truth. I'll state again to you that any verdict you reach must be unanimous, and in your deliberations, you should examine the issues submitted with a proper regard and consideration for the opinions of each other. You should listen to each other's arguments with an open mind, and you should make every reasonable effort to reach a verdict.

"Would you try again, please?" [Tr. 87 & 88]

We are of the opinion that the purpose of the court's instruction was an attempt to guide and assist the jury in reaching a fair and impartial verdict rather than an at-

tempt on behalf of the trial judge to coerce the jury. In dealing with a similar "Allen" type instruction in *Goff v. United States,* 446 F.2d 623 (1971), the 10th Circuit Court of Appeals stated:

"This court has approved the 'Allen' type instruction under circumstances of an apparent deadlocked jury, providing that the court carefully avoid any indicia of partiality or coercion. *Burroughs v. United States,* 365 F.2d 431 (10th Cir. 1966); *Elbel v. United States,* 364 F.2d 127 (10th Cir. 1966), cert. denied 385 U. S. 1014, 87 S.Ct. 726, 17 L.Ed.2d 550 (1967). An instruction to the jurors that they should deliberate together in an atmosphere of mutual respect and understanding, carefully avoiding any indication that they should forfeit conscientiously held convictions, whether by original or supplemental instruction, is a matter properly within the discretion of the trial judge. . . ."

We, therefore, find this assignment of error to be without merit.

In conclusion, we observe that the record is free of any error which would require reversal or justify modification. The judgment and sentence is, accordingly, *AFFIRMED*.

BRETT, P. J., and BLISS, J., concur.