Wilbur Wayne **KING**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. M–76–393.

Court of Criminal Appeals of Oklahoma.

Nov. 22, 1976.

Rehearing Denied Dec. 14, 1976.

Hack Welch, Hugo, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., for appellee.

### OPINION

BUSSEY, Judge:

Wilbur Wayne King, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Choctaw County, Case No. CRM–75–794, for the offense of Driving While Under the Influence of Intoxicating Liquor, in violation of 47 O.S.1971, § 11–902. His punishment was fixed at ten (10) days in the County Jail and a fine of One Hundred Dollars ($100.00), and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial, Alfred Amend testified that on November 2, 1975, he was employed as a police officer with the Hugo Police Department; that in the early morning hours he observed a green Chevrolet veering across both lanes of traffic. He turned on the red lights and stopped the vehicle. He testified that when the defendant stepped out of the vehicle he was staggering and had to lean against the car for support. Defendant's speech was "thick and he had trouble focusing his eyes, he had a strong odor of alcoholic beverage—." [Tr. 6]. It was his opinion that the defendant was intoxicated, and he surrendered the defendant to Officer Cline.

Deputy Sheriff Leroy Cline testified that on November 2, 1975, he transported the defendant to the County Jail; that either he or Woodrow Bowden was with the defendant until the breathalyzer test was administered.

Trooper Bob Salmon testified that he had a Technical Supervisor Certificate which authorized him to maintain the breathalyzer unit; that he checked the unit in Hugo on October 3, 1975 and November 3, 1975, and the machine was working properly.

Deputy Sheriff Woodrow Bowden testified that he was with the defendant from the time he arrived at the County Jail until the trooper administered the breathalyzer test; that prior thereto defendant did not put anything into his mouth, drink anything, smoke anything or regurgitate.

Trooper Doyle Southard testified that he administered a breathalyzer test to the defendant in the early morning hours of November 2, 1975; that the breathalyzer test result showed .225% alcohol content.

The defendant did not testify, nor was any evidence offered in his behalf.

In his first assignment of error, defendant asserts that the trial court erred in

not giving his requested instruction of the lesser included offense of Driving While Impaired. We are of the opinion that the instant case is distinguishable from the recent case of *Jackson v. State*, Okl.Cr., 554 P.2d 39 (1976). In *Jackson*, supra, defendant did not dispute he had been drinking an alcoholic beverage, but rather raised as a defense that "the alcohol he consumed had merely impaired his ability to drive, not intoxicated him." We thus concluded that this testimony was sufficient to overcome the presumption raised by the blood test results that defendant was intoxicated giving rise to an issue of fact for the jury. In the instant case neither defendant nor the State presented any evidence to the effect that the defendant was merely driving while impaired. Under such circumstances, the defendant was not entitled to an instruction on the lesser included offense. In *Fennell v. State*, Okl.Cr., 396 P.2d 889 (1964), we stated in paragraph 2 of the Syllabus:

> "It is not error for the court to refuse to give a requested instruction in the absence of any substantial evidence to support the giving of the same."

█ Defendant contends, in the final assignment of error, that the trial court erred in not following the jury's recommendation to allow the defendant to serve the ten (10) day sentence on weekends. We have previously held that a recommendation of the jury in its verdict of leniency is surplusage and may be disregarded by the trial court in the exercise of judicial discretion. See, *Passmore v. State*, 87 Okl.Cr. 391, 198 P.2d 439 (1948) and *Riddle v. State*, Okl.Cr., 374 P.2d 634 (1962).

In conclusion, we observe that the record is free of any error which would cause reversal or justify modification. The judgment and sentence is accordingly *AF-FIRMED*.

BRETT, P. J., and BLISS, J., concur.