Vennes "Dee" WREN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. M–76–394.

Court of Criminal Appeals of Oklahoma.

Nov. 22, 1976.

Rehearing Denied Dec. 14, 1976.

Hack Welch, Hugo, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Eric Warner, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Vennes "Dee" Wren, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Choctaw County, Case No. CRM–75–803, for the offense of Driving While Under the Influence of Intoxicating Liquor, in violation of 47 O.S.1971, § 11–902. His punishment was fixed at ninety (90) days in the County Jail and a fine of One Hundred Dollars ($100.00), and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial, Captain John Trapp of the Hugo Police Department, testified that on November 7, 1975, at approximately 11:00 a.m., he observed the defendant pull out of a filling station in the 300 block on West Main in Hugo, straddle the center line and drive at approximately three miles per hour. The defendant had a strong odor of alcohol upon his person, was unsteady on his feet, his speech was slurred, and his eyes were bloodshot. He testified that in his opinion the defendant was very intoxicated. He transported defendant to the Sheriff's Office for a breathalyzer test.

Trooper Bob Salmon testified that he was qualified in the maintenance and operation of the breathalyzer machine and on November 7, 1975, he administered a test to the defendant; that the result of the test was .16% alcohol content.

Captain Trapp was recalled, and testified that he was with the defendant twenty to twenty-five minutes prior to the test; that the defendant did not put anything into his mouth or smoke during that period of time.

Defendant testified that on November 6, 1975, he and two other persons drank two quarts of home brew while coon hunting; that he went to bed at midnight and did not get up until 10:00 o'clock the following morning. He testified that he did not drink anything on November 7th, and was not under the influence of intoxicating liquor.

Defendant asserts, as his first assignment of error, that:

"The court's refusal to strike the testimony of the State's witness J. W. Trapp and refusing to admonish the jury to disregard said witness' testimony upon said witness admitting that he could not tell when a person was intoxicated, also, the court refusing to strike said testimo-

ny by reason of there not being a proper predicate laid therefor."

The record reflects that Captain Trapp testified, on direct examination, as to his observations of the defendant and that in his opinion defendant was very intoxicated. On cross-examination the witness testified:

" . . . I am not qualified to say whether anyone is intoxicated or not, that is the reason we have a breathalyzer." [Tr. 66]

Defendant argues that Captain Trapp was not qualified to give an opinion as to intoxication and secondly that his opinion should have been stricken when he admitted, on cross-examination that he was not qualified. We disagree. In *Moran v. State*, 95 Okl.Cr. 6, 237 P.2d 920 (1951), we stated:

"This court is committed to the rule that a witness need have no particular or special knowledge to testify to intoxication, but that he may state the reasons for his opinion that an accused was intoxicated, or he may simply state the fact of sobriety or intoxication, and that intoxication is proved the same way as any other fact. . . ."

See also, *Templeton v. State*, Okl.Cr., 293 P.2d 636 (1956) and *Vernon v. State*, Okl. Cr., 512 P.2d 814 (1973).

■ Defendant asserts, in the second assignment of error, that the trial court erred in allowing into evidence the results of the breathalyzer test when a proper predicate had not been laid for its admission. We again must disagree. Trooper Salmon testified that defendant was in his presence for approximately fifteen minutes prior to the test; that defendant did not put anything into his mouth and did not smoke. Captain Trapp was re-called and testified that the defendant was in his presence for approximately twenty to twenty-five minutes prior to the test and during this period of time the defendant did not drink anything, put anything in his mouth, or smoke. We are of the opinion that this is sufficient compliance with Section 1(a) of the Oklahoma Rules and Regulations Pertaining to Breath-Alcohol Analysis Methods and Techniques, which provides:

"(a) The procedure for each such analysis shall include the following:

"(1) Continuous observation of the subject whose breath is to be tested for a period of at least fifteen (15) minutes prior to the collection of the breath specimen, during which period the subject shall not have ingested alcohol or alcoholic beverages, regurgitated, or vomited."

■ Defendant contends, in the third assignment of error, that the sentence imposed is excessive and "possibly" resulting from improper conduct on the part of the prosecuting attorney in asking defendant on cross-examination if he had a drink today. We are of the opinion that said question was improper; however, we fail to find that defendant was prejudiced thereby in view of his response that he had not had anything to drink. We have previously held that misconduct by the prosecuting attorney is not reversible error where the proof of defendant's guilt is overwhelming and the record does not reflect that the misconduct was so prejudicial as to substantially affect the jury's findings. *Severs v. State*, Okl.Cr., 477 P.2d 695.

■ Defendant contends, in the final assignment of error, that the trial court erred in not instructing the jury on the lesser included offense of Driving While Impaired. We are of the opinion that the trial court properly refused the requested instruction in that there was no evidence adduced by either the State or defendant to support the giving of such instruction. Defendant testified that he had not consumed any alcoholic beverage on the day of the arrest and that he was not intoxicated. In *Fennell v. State*, Okl.Cr., 396 P.2d 889 (1964), we stated in paragraph 2 of the Syllabus:

"It is not error for the court to refuse to give a requested instruction in the absence of any substantial evidence to support the giving of the same."

See also, *King v. State*, Okl.Cr., 556 P.2d 1306, delivered this date.

The judgment and sentence is accordingly *AFFIRMED*.

BLISS, J., concurs.

BRETT, P.J., specially concurs.

BRETT, Presiding Judge (specially concurring).

I would reduce this sentence to ten (10) days in the County Jail and a fine of One Hundred Dollars ($100.00). This is comparable to the judgment and sentence imposed by the Choctaw County District Court in *King v. State*, Okl.Cr., 556 P.2d 1306. In the *King* case the defendant registered a blood alcohol analysis of .225% and was sentenced to only ten (10) days confinement. In the instant case this defendant registered a blood alcohol content of .16%. Consequently, under the facts of the two cases it appears that the two sentences should be more comparable than they have been imposed. Hence, while I agree that the evidence is sufficient to affirm this conviction, I would modify the sentence.