**David Allen MILES, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

No. F–77–806.

Court of Criminal Appeals of Oklahoma.

Oct. 29, 1979.

Jack B. Sellers, Gus A. Farrar, Sapulpa, for appellant.

Larry Derryberry, Atty. Gen., Duane N. Rasmussen, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

The appellant, David Allen Miles, hereinafter referred to as the defendant, was convicted of Burglary in the Second Degree —21 O.S.1971, § 1435,—in the District Court, Creek County, in Case No. CRF–76–58. His punishment was set at two (2) years' imprisonment. From that judgment and sentence, the defendant has perfected an appeal to this Court.

The only assignments of error raised in this case pertain to the deliberations of the jury, and for that reason there is no need to set out the facts of the case in detail. The first assignment of error is that the trial court coerced the jury into reaching a unanimous verdict by improperly instructing them, and the second is that the bailiff through an improper communication caused the jury to change its verdict.

After two and a half hours of deliberation, the jury foreman told the judge that the jury stood at ten to two, and he did not believe they would be able to reach a verdict. The court noted that the time was past the dinner hour, and pondered aloud whether to ask the jury to deliberate further or to send them to dinner and have them deliberate further after dinner. After a brief conference with the attorneys, the judge gave the jury an "Allen" instruction and, on the recommendation of the foreman, sent them back for further deliberation. They returned with a verdict in 40 minutes.

■ The defendant argues that the supplemental instruction, together with the judge's remarks, coerced the jury into reaching a unanimous verdict. His chief objection to the instruction is that it did not tell the jurors that they had a right to hold to their honest convictions. He claims that the judge in effect ordered the jury to return with a unanimous verdict.

We believe that when an "Allen" instruction is given the jury should be told that they are not being forced to agree; that while they should consider carefully the arguments and opinions of the other jurors, in the end each person must decide the case for himself or herself. We have upheld such instructions in *Wilson v. State*, Okl.Cr., 556 P.2d 1311 (1976), and in *Glaze v. State*, Okl.Cr., 565 P.2d 710 (1977).

The State cites *Robinson v. State*, Okl.Cr., 556 P.2d 286 (1976), as a case in which we upheld an instruction without such language, but we are no longer willing to do so. In *Robinson*, we cited *Goff v. United States*, 446 F.2d 623 (10th Cir. 1971), but *Goff* states that the trial court must avoid any element of coercion, "carefully avoiding any indication that they [the jury] should forfeit conscientiously held convictions, . . . ." See also *United States v. Winn*, 411 F.2d 415 (10th Cir. 1969), and *Benscoter v. United States*, 376 F.2d 49 (10th Cir. 1967).

■ The communication by the bailiff of which the defendant complains is clearly set

forth in the following affidavit, which was given by the jury foreman and filed with the defendant's motion for a new trial:

"After deliberations had been under way for some time we were returned to the courtroom and when asked by the Judge I stated that we stood 10 to 2 numerically and that it was my opinion that no further progress could be made by further deliberations. However, after the Judge read the additional instruction we returned to the jury room and after additional deliberation the jury agreed upon a verdict of guilty with recommendation for leniency the Judge to suspend the sentence.

"We weren't sure of the correct spelling of 'leniency' so some juror knocked on the jury room door and asked the bailiff for a dictionary. The door was opened and juror Jimmy D. Brown went into the outer office for a dictionary. The bailiff stepped inside the jury room as I was writing the verdict on the form. About that time Mr. Brown came back and informed me of the correct spelling of 'leniency'. I had written 'we recommend leniency' and had started to write 'and urge a suspended sentence' or words to that effect when the bailiff asked or I told him what we were doing and the bailiff said it wasn't our job to recommend leniency, only to find him guilty or not guilty, and that the rest was up to the Judge. I then erased the words I had written and gave the verdict to the bailiff.

"I would not have voted for conviction except for the recommendation for leniency that the sentence be suspended, but, when the bailiff said what he said, I was tired and those jurors remaining in the jury room said it was too late to call the others back who had begun to leave the jury room so I went along with what the bailiff said and signed the verdict."

A similar affidavit was given by another member of the jury.

The Attorney General concedes that the above communication was error—see 22 O.S.1971, §§ 857 and 894. It is true that recommendations for leniency are not binding on the trial judge—*King v. State*, Okl. Cr., 556 P.2d 1306 (1976); but it is also true that such recommendations can influence the judge in deciding whether to grant probation. The bailiff should not have dissuaded the jury in this case from making the recommendation they wanted to make.

For the above and foregoing reasons the case is *REVERSED* and *REMANDED* to the District Court.

CORNISH, P. J., concurs in results.

BUSSEY, J., dissents.

BUSSEY, Judge, dissenting:

I would affirm in accordance with out prior decision in *Robinson v. State*, Okl.Cr., 556 P.2d 286 (1976).