**Glyn Dale PAREGIEN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M-80-17.**

Court of Criminal Appeals of Oklahoma.

June 10, 1981.

Jess Horn, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen. of Oklahoma, William S. Flanagan, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Glyn Dale Paregien, was convicted in Oklahoma County District Court Case No. CRM–79–1015 of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor, 47 O.S.1971, § 11–902. He was sentenced to ten (10) days in the County Jail and a fine of One Hundred ($100) Dollars. A timely appeal has been perfected to this Court.

Appellant's sole assignment of error is that the trial court erred in failing to give sua sponte a jury instruction on the lesser included offense of Driving While Impaired. This proposition is not well taken.[1] The trial court should give instructions on lesser offenses included in the crime charged where the evidence would support such a theory. See *King v. State*, 556 P.2d 1306 (Okl.Cr.1976). Such is not the case here. Each of three investigating officers testified that appellant appeared to be intoxicated or highly intoxicated at the time of the arrest. This is supported by testimony as to appellant's behavior at the time. On the other hand, both defense witnesses, including appellant testifying on his own behalf, testified that appellant had not had even a drop of alcohol to drink on the day and evening in question. It would clearly appear that, under the evidence, appellant was either intoxicated as he operated his vehicle, or cold sober. There is no basis in the evidence for instructing that the jury could find appellant guilty merely of driving while impaired.

Accordingly, this assignment of error is without merit. The judgment and sentence appealed from is hereby AFFIRMED.

BRETT, P. J., and CORNISH, J., concur.

---

1. Speaking for himself, the author is of the view that he was in error in concurring in *Jackson v. State*, 554 P.2d 39 (Okl.Cr.1976), wherein it was stated that Driving While Impaired, 47 O.S.Supp.1978, § 761, is a lesser offense included within Driving Under the Influence, 47 O.S.Supp.1978, § 11–902.