**Donnie Lawayne FOX, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–82–556.

Court of Criminal Appeals of Oklahoma.

Aug. 21, 1984.

E. Alvin Schay, Asst. Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., William H. Luker, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

PARKS, Judge:

On appeal from his conviction of Larceny of an Automobile After Former Conviction of a Felony, Case No. CRF–82–11, and sentence of ten (10) years imprisonment from the District Court of Pontotoc County, Oklahoma, the appellant, Donnie Lawayne Fox, hereinafter referred to as defendant,

raises a single assignment of error. The facts of the case need not be set forth for purposes of this appeal.

 Defendant complains that the trial court committed error by refusing to give a requested instruction on the lesser included offense of Unauthorized Use of a Motor Vehicle, which differs from Larceny of an Automobile only in that it requires the perpetrator intended to temporarily deprive the owner of possession of his vehicle as opposed to permanently depriving the owner of possession of his vehicle. The defense at trial was the defendant was in such a state of intoxication as to be unable to form the specific intent required at the time he took possession of the automobile. As such, there was no evidence presented that the defendant intended to deprive the owner only temporarily. *Smith v. State*, 544 P.2d 558 (Okl.Cr.1975). Where there is no evidence to support a lesser included offense of the crime charged, it is not error for the trial court to refuse to so instruct the jury. *Johnson v. State*, 632 P.2d 1231 (Okl.Cr.1981); *Campbell v. State*, 640 P.2d 1364 (Okl.Cr.1982); *Wren v. State*, 556 P.2d 1308 (Okl.Cr.1976).

In the present case, if the jury believed the defendant was so intoxicated that he could not form any criminal intent, they could not convict him of any crime; and therefore, there could be no lesser included offense. If the defendant's mental facilities were so overcome by alcohol that he was incapable of forming the intent to permanently deprive the owner of his car, then he was also incapable of forming the intent to temporarily deprive him of it.

Accordingly, the judgment and sentence is AFFIRMED.

BUSSEY, P.J., and BRETT, J., concur.