**John Robert TAPIA, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. M–86–368.**

Court of Criminal Appeals of Oklahoma.

April 19, 1988.

Joe L. Jackson, Wright, Jackson & Jackson, Woodward, for appellant.

Michael C. Turpen, Atty. Gen., P. Kay Floyd, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, John Robert Tapia, was tried and convicted in the District Court of Woodward County of the crime of Driving a Motor Vehicle Under the Influence of Alcohol in Case No. CRF–85–110 and was sentenced to four (4) months imprisonment and fined five hundred dollars ($500.00), and he appeals.

Briefly stated the facts are that on September 5, 1985, a Woodward Police Officer, Charles Nordquist, and his passenger, Dawn Fussell, a police dispatcher, stopped appellant after observing him drive his truck near the curb and strike it twice. Officer Nordquist testified that appellant walked unsteadily, that his eyes were bloodshot and glazed, and that he had a strong odor of alcohol. Appellant was transported to the police station, and Officer Sutton administered a breathalyzer test which revealed a blood alcohol concentration of 0.22%.

For his first assignment of error appellant asserts that since his case was reduced from a felony to a misdemeanor the trial court erred in allowing the case to go to trial as a misdemeanor with a felony case number thereby prejudcing the case to the jury. However, since appellant failed to object to the case number, this assignment was waived. *Tucker v. State,* 675 P.2d 459 (Okl.Cr.1984). Furthermore, appellant has failed to support this assertion with relevant authority. *Sullivan v. State,* 716 P.2d 684 (Okl.Cr.1986). Consequently, this contention is denied.

■ Appellant next complains that the results of the breathalyzer test were improperly admitted because Officer Sutton failed to note the time at which the fifteen minute observation period began before administering the test. However, we note that Officer Sutton testified at trial that he observed appellant for approximately twenty (20) minutes before administering the test. We therefore find that a proper predicate was laid for admission of the breathalyzer results. *See Wren v. State,* 556 P.2d 1308, 1310 (Okl.Cr.1976). This assignment is groundless.

■ In his third assignment of error appellant contends that the trial court erred in allowing testimony concerning the passenger's intoxication and behavior. Initially, we note that appellant objected to the prosecutor's questions regarding the passenger's condition and asked the trial judge to strike the testimony and admonish the jury. Although we agree with appellant that this line of questioning was improper, in light of the overwhelming evidence of guilt we find that appellant was not prejudiced by its introduction. *See Harrall v. State,* 674 P.2d 581 (Okl.Cr.1984).

■ In his fourth assignment of error appellant argues that since the arresting officer questioned him concerning the incident without giving him his *Miranda* rights, the trial court erred in allowing the officer to testify concerning appellant's intoxication. We disagree. Officer Nord-

quist asked appellant, prior to placing him under arrest, how much he had to drink. This question was clearly not custodial interrogation; therefore, *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) is not applicable. Hence, we find no error.

Appellant's fifth assignment of error is that the trial court erred in allowing Officer Sutton to testify and the prosecutor to comment concerning the fact that appellant had the right to conduct his own independent breathalyzer test but did not. From a review of the record, we find that when Officer Sutton was asked by the prosecutor whether appellant ran an independent test, he responded, "I do not know." The jury was never apprised whether appellant waived an independent test. Therefore, this assignment lacks merit.

■ As his sixth assignment of error appellant complains that the trial court erred in allowing into evidence State's Exhibit No. 2, which is a copy of the log of tests and maintenance record, because it was not correctly certified and was not the "best evidence." Before the exhibit was admitted into evidence Officer Sutton testified that the certified copy from the Department of Public Safety was a fair and accurate statement of the original. (Tr. 132). We therefore find that the copy was admissible under the provisions of 12 O.S. 1981, § 2901 and 12 O.S. 1981, § 3005. This contention is accordingly denied.

■ Appellant finally urges that the trial court should have sustained his demurrer and that his conviction was based on insufficient evidence. We first observe that since appellant presented evidence in his own defense the demurrer is waived, and the question of sufficiency of the evidence is determined by an examination of the entire record viewing the evidence in the light most favorable to the State. *Phillips v. State*, 641 P.2d 556 (Okl.Cr. 1982).

■ The evidence presented at trial reveals that Officer Nordquist and his passenger, Dawn Fussell, a police dispatcher, observed appellant's pickup truck driving near the curb and striking the curb twice. They further observed appellant's behavior after he was stopped and noticed that he walked unsteadily, had bloodshot eyes, and had a strong odor of alcohol. Moreover, appellant's blood alcohol concentration was 0.22%. This evidence was clearly sufficient to support appellant's conviction for Driving a Motor Vehicle Under the Influence of Alcohol. Consequently, this assignment of error is without merit.

The judgment and sentence is AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., concurs in results.