## MORAN v. STATE.

No. A-11491. Nov. 14, 1951.

(237 P. 2d 920.)

James P Devine, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and J. P. Garrett, Asst. Atty. Gen., for defendant in error.

POWELL, J. The appellant, Joe Moran, was charged, tried and convicted in the county court of Okmulgee county of the offense of driving an automobile while under the influence of intoxicating liquor, and was sentenced to pay a fine of $100 and to serve ten days in the county jail. Appeal has been duly perfected to this court.

The evidence on behalf of the state shows that on July 26, 1949, a Mrs. Jewell Wallace telephoned the office of the chief of police of Henryetta and reported an accident with another car, and that the chief of police, Chester Baird, tried to contact a deputy sheriff, but not being able to do so, he got in the patrol and proceeded to the scene, which was outside the city limits of Henryetta. Officer Baird testified that when he got to the scene he found Joe Moran, who will hereinafter be referred to as defendant, standing and holding up to the side of his car, which was in a ditch on the left side of the road; that he considered the defendant drunk because he smelled liquor on his breath, that he mumbled when he talked; that he could not stand up and when they put him in the patrol car he could not get in on his own power; that he did not appear to be injured in any way by reason of ditching his car. Witness stated that he examined the roadway and tracks thereon of defendant's car and from such examination he considered that "For about a quarter of a mile the car went from one side of the road to the other, and in two or three places ran off the shoulder of the road before it stopped." Witness further stated that the right side of defendant's car was somewhat damaged where it hit the ditch, one fender being mashed down on the front wheel so it could not be driven. Officer Baird stated that he arrested the defendant because of drunkenness, brought him to town and had his car towed in to the garage. Witness further testified that he looked in the car and saw a partially filled "fifth" of whiskey in the front. He estimated eighty per cent of the liquid had been removed. The bottle was identified and introduced in evidence. Witness stated that he made the arrest in the afternoon, possibly 2:30 or 3:30, one-half a mile out of Henryetta. Witness further stated that he held a special deputy sheriff commission.

Don Stormont, deputy sheriff, and Ray Ashley, policeman, testified to facts indicating defendant's intoxication at the time of his arrest. Jewell Wallace identified defendant as the driver of a Mercury car that ran into a ditch and testified to other facts indicating that defendant was intoxicated at the time he ditched the car.

Defendant did not testify but he did produce Jim Kirby, sheriff of Okmulgee county. He at first did not remember specifically whether he made the chief of police a deputy or not. He wanted to examine his card. Finally, he was asked: "To the best of your knowledge, has Chester Baird a deputy sheriff's commission? A. Yes he has a commission. Q. When did you see it? A. A while ago. I knew I sent that office one." The court ruled that Chief Baird had a deputy sheriff's commission. The commission was not introduced into evidence.

For reversal, counsel for defendant argues first that it was error for the court to permit the introduction into evidence of the partially filled bottle of whiskey found in the front of defendant's car, because it was obtained by unlawful search and seizure. At trial, counsel made no objection to the introduction of the liquor in evidence and the question was not raised in any other manner before or during trial. A suppression of such evidence was not sought. We have held that the question of whether evidence was obtained by unreasonable search and seizure cannot be raised for the first time on appeal to this court. See Robedeaux v. State, 94 Okla. Cr. 171, 232 P. 2d 642. However, aside from the fact that the arresting officer appears to have held a commission as deputy sheriff, the defendant from the evidence was in a public place and intoxicated, and in the presence of the officer, and that gave him the right to make the arrest. Tit. 22 O. S. 1941 § 202. The

liquor could be seen in the front of the car, and Officer Baird had a right to take it, it being contraband. The arresting offcier swore that he held a commsision as deputy sheriff, and the defendant failed to disaprove this by the evidence of Sheriff Kirby.

It is contended that the evidence of Deputy Don Stormont should have been stricken on the ground that it was not sufficient to show intoxication, and was sometime after the arrest. The evidence showed the arrest was made around 2:30 or 3:30 in the afternoon, and the deputy testified that he saw the defendant in jail about 4:00 P.M.

This court is committed to the rule that a witness need have no particular or special knowledge to testify to intoxication, but that he may state the reasons for his opinion that an accused was intoxicated, or he may simply state the fact of sobriety or intoxication, and that intoxication is proved the same way as any other fact. Drew v. State, 71 Okla. Cr. 415, 112 P. 2d 429; Butler v. State, 34 Okla. Cr. 239, 245 P. 1004; Nail v. State, 33 Okla. Cr. 100, 242 P. 270.

Defendant moved to strike the testimony of Mrs. Wallace, but assigned no reason therefor. She testified to seeing defendant driving immediately prior to striking her car, and thereafter drive into the ditch. The officers did not see the defendant drive, but did testify to the wheel marks of his car on the roadway showing that he drove from one side of the road to the other for some distance preceding running into the ditch. There was ample evidence for submission of the case to the jury. Rule v. State, 84 Okla. Cr. 347, 182 P. 2d 525. See also Bisanar v. State, 93 Okla. Cr. 7, 223 P. 2d 795.

Lastly, counsel states that there is a fatal variance between the information, the evidence, verdict and judgment of the court, citing Russell v. State, 43 Okla. Cr. 455, 279 P. 929. This question was not raised in the lower court. We find no variance.

We have studied the record, and find no material error. The defendant had a fair trial. However, since this is the first offense of this defendant, we are modifying the judgment and sentence to a fine of $100, and as so modified, the judgment and sentence of the county court of Okmulgee county is affirmed.

BRETT, P. J., and JONES, J., concur.