# WILLAFORD v. STATE.

No. A-11826.  Sept. 30, 1953.

Rehearing Denied Oct. 7, 1953.

(261 P. 2d 630.)

Ross & Ross, Newkirk,. for plaintiff in error.

Mac Q. Williamson, Atty. Gen., James P. Garrett, Asst. Atty. Gen., for defendant in error.

JONES, J.  The defendant, Joseph Winfield Willaford, was charged by an information filed in the county court of Kay county with the offense of driving an automobile on the public highway while under the influence of intoxicating liquor, was tried, convicted and sentenced to pay a fine of $100, and has appealed.

Three propositions are presented in the brief of the defendant: First, the court erred in overruling defendant's demurrer to the evidence.  Second, the arrest was unlawful, for the reason that no crime had been committed in the presence of the officers at the time of the arrest and therefore the search of defendant's car was illegal and unlawful.  Third, the partially filled bottle of whiskey found in defendant's automobile was inadmissible as evidence against him.  These assignments of error are so closely connected that they will be considered together.

The proof of the state showed that the defendant was arrested two or three miles north of Ponca City on U. S. Highway 77 by two highway patrolmen.  One W. J. Liles was in the automobile with the defendant and under all of the evidence, both of the state and defendant, Liles was intoxicated.

Both of the highway patrolmen testified that they passed defendant's automobile driving south as they were going north on Highway 77. It was about 7:30 p. m. on the night of January 25, 1952. When they saw defendant's automobile, the two right wheels were off the slab on the shoulder. The patrolmen immediately turned their automobile around to observe the defendant's car and they followed it for a quarter of a mile or more. During this period of time on two occasions the defendant drove his automobile across the center line and then veered back off the pavement with his right wheels off the slab. After this had happened twice, the patrolmen turned on their siren and stopped the car. Each of them observed the defendant; they testified his eyes were glassy, that he staggered, that he had the odor of intoxicating liquor on his breath, and in their opinion, he was drunk. After the defendant was arrested, trooper Wood drove the defendant's automobile, together with the defendant, to the Ponca City jail. Crowder took W. J. Liles to the jail in the patrol car. Officer Wood testified that when he got into the defendant's vehicle to drive it away, he found a pint bottle of whiskey in the front seat and that it was about four-fifths gone. This bottle was identified by the patrolmen and admitted in evidence.

The defendant and W. J. Liles testified for the defense. They swore they had been to see a ranch which Mr. Liles was contemplating purchasing near Sedan, Kansas. Liles purchased a pint of whiskey in Sedan and each of them drank from the bottle. Liles testified that he would take a drink from the bottle and would hand it to the defendant and defendant would turn up the bottle to his lips, but he did not know how much he drank. In this connection, he swore:

"I guess we drank out of that pint till we got to Arkansas City and still drinking on it when we left."

There was abundant evidence to prove the defendant's guilt of the offense with which he was charged, and the jury's verdict will be sustained.

In connection with the contention of the defendant that the court erred in admitting in evidence the partially filled bottle of whiskey found in defendant's automobile, it is well to note that no motion to suppress this evidence was presented prior to the trial and no objection to its admissibility was at any time raised during the trial until after the state had rested. Then, for the first time, counsel for the defendant orally moved the court to strike the testimony of the patrolmen for the reason the same was obtained by unlawful search and seizure.

In the case of Gragg v. State, 72 Okla. Cr. 189, 114 P. 2d 491, this court held:

"Objection to evidence obtained by alleged illegal search and seizure must be interposed at the first opportunity presented. Such objection should be made either at the beginning of the trial by a motion to suppress or reject such evidence or in the course of the examination as soon as it becomes apparent that the state will rely upon it. Otherwise, defendant waives his right to be heard on this question.

"Accused will not be permitted to speculate on the outcome of evidence said to have been procured by an illegal search and seizure, admitted without objection thereto, and then at the close of the state's case when it appears that such evidence operates to his prejudice seek to raise such question for the first time."

Irrespective of the fact that any objection that defendant might have had to evidence obtained by the search and seizure was waived because not timely presented, we feel impelled to state that such evidence under the facts are admissible against accused. The defendant committed a crime in the presence of the officers when he crossed the center line of the highway on to the left side of the road and then weaved back across the highway on to the shoulder. 47 O.S. 1951 § 121.4.

When the officers observed the misdemeanor being committed by the accused in the manner in which he operated his automobile, it became their lawful duty to pursue him and arrest him. When they stopped him, they observed that he was intoxicated. This would have justified a search of the automobile for the purpose of discovering the means by which the accused had become intoxicated. In reality, according to the testimony of the officer, no search of the automobile was made. It merely happened that when the officer got into the defendant's car to drive it to Ponca City that he saw the partially filled bottle of whiskey sitting in the front seat. See Webster v. State, 96 Okla. Cr. 44, 248 P. 2d 646; Farmer v. State, 86 Okla. Cr. 308, 192 P. 2d 716.

The third assignment of error is based upon the contention that the proof of the state did not show that the defendant had been drinking from the bottle of whiskey which was found in his automobile, and that, therefore, it was erroneously admitted in evidence. The proof of the state showed defendant was intoxicated and was driving his automobile. A partially filled bottle of whiskey was found in the front seat next to where the driver of the automobile was sitting. It is true that the officers did not see the defendant drink from the bottle. It was not necessary for them to have done so to have made this evidence admissible against the accused. It was a circumstance to be considered by the jury in connection with all the other facts and circumstances, for them to give such weight as they thought it was entitled, in determining the guilt or innocence of the accused. The defendant himself admitted taking a drink or two from the bottle while his associate, Liles, said that they each drank from the bottle several times.

We find no substantial error in this record. Unfortunately, the accused appears to have been a man well respected in his community, but the case was properly presented to the jury and there was sufficient evidence, if believed by the jury, to convict the accused, and it is not within the province of this court to reverse a conviction under such a state of the record.

The judgment and sentence of the county court of Kay county is accordingly affirmed.

POWELL, P. J., and BRETT, J., concur.