**Dink W. TEMPLETON, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–12246.**

Criminal Court of Appeals of Oklahoma.

Feb. 1, 1956.

Harley Van Cleve, Raymond B. Thomas, Charles C. Liebler, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

Plaintiff in Error, Dink W. Templeton, hereinafter referred to as defendant, was charged by information filed in the Court of Common Pleas of Tulsa County with the crime of operating a motor vehicle over and upon a public highway in the county of Tulsa, while under the influence of intoxicating liquor; was tried before a jury, con-

victed, and his punishment fixed at a fine of $100.

For reversal two propositions are advanced which will be considered in the order presented, after a summary of the evidence.

Bob Phillips, State Highway Patrolman, testified that on April 6, 1955 he saw an automobile, later found to be driven by the defendant, going north on Peoria between Thirty-sixth and Forty-sixth Streets; that he and another trooper were travelling south; that the car he noticed, a Plymouth taxicab, was being driven on the left-hand side of the road; that he turned his patrol car around and pursued the taxicab and brought it to a stop. That the taxicab had turned west by that time on Forty-sixth Street towards Cincinnati Street. Witness said that there was a big ditch on Forty-sixth Street and the car was weaving over the highway and almost ran into the ditch on the left hand side, but would then pull back, and was weaving over the road.

Witness said that after he got the car in question stopped he got out of his car and assisted the defendant, who was driving the taxicab, out of his car. He said defendant's "clothing was rumpled," and that he could hardly stand up, that his speech was impaired and that he kept talking and repeating; said that he was a commercial driver and had been drinking beer and whiskey earlier. Witness said that he arrested the defendant and that from his observation of the defendant, and from his experience as an Oklahoma Highway Patrol Trooper, defendant was very intoxicated.

On cross-examination by counsel for defendant, witness was asked: "Did you give him [defendant] any kind of a test to determine how much intoxicating liquor was in his system, to detect the amount of alcohol that was in his system?" The answer was "No".

Following this the State then on redirect examination asked Trooper Phillips: "Now tell the court and jury just why you did not give him that test? A. We had a test kit in the car, and offered him a test, but the subject stated there was no use in him taking the test, he knew that he was drunk; he so stated."

Jack Kelly testified for the defendant, said that he was with the Tulsa Police Department for twenty-five years, but had retired and was at that time house detective at the Tulsa Hotel. He said that when he was with the police department for a while he was taxicab inspector and became acquainted with the defendant and had known him about eight years. He testified to knowing defendant's reputation for sobriety, and that it was good. He testified that he remembered seeing defendant a short time before he was arrested on this charge for drunk driving; that he had a cup of coffee with defendant right about ten o'clock that night at the Plaza Cafe, across the street from the Tulsa Hotel; that he was with defendant ten or fifteen minutes, but did not see him any more that night. He noticed no evidence of intoxication at the time he was with defendant. Defendant was alone.

Defendant testified and said that after he left Jack Kelly he went to pick up his wife who was eating at the White Palace Cafe; that he stayed there but a few minutes; that he had a blood clot in his leg and it hurt him very much; that he had been in the Veteran's Hospital for this trouble; that he left his wife and went to a place where they sold beer and drank two glasses to get relief from his pain, then returned to the cafe, got his wife and they started home; that it was about 11:30 when the officers arrested him. He claimed that he was not drunk and denied that anything was said one way or another about an intoximeter test.

Officer Phillips was recalled in rebuttal by the State and said that the arrest was at approximately 11:20 or 11:30 p. m.

Considering the first specification of error, that: "The court erred in permitting the State to examine improperly the prosecuting witness over the objection of the defendant", this proposition stems from the action of the court in permitting the State on re-direct examination to bring out testimony from the officer relative to the reasons

why he did not give the defendant a test as to intoxication.

From the evidence recited, it has been observed that on cross-examination counsel for the defendant specifically asked the officer if he had given the defendant a test to detect the amount of alcohol in his system. The question obviously was calculated to give the jury the impression that if the officer had given the defendant some such test, it would have been found that the amount of alcohol in his system was insufficient to indicate intoxication. So argues the Attorney General. We agree. Under such circumstances, it is our opinion that the county attorney had the right to bring out from the officer on re-direct examination the reason why no such test was given. By opening up the subject, an explanation was invited.

The second specification of error is that: "The court erred in admitting opinion evidence without a proper foundation having first been laid in contravention of the province of the jury."

This complaint is based on the highway patrolman giving, as heretofore recited, his opinion as to defendant's intoxication, based on his observation of the defendant, and calling upon his experience as an Oklahoma Highway Patrol Trooper.

We note that there was no objection on the part of counsel for the defendant, but this court has held that an officer may under such circumstances express his opinion as to the sobriety of a person arrested. In paragraph five of the syllabus in Moran v. State, 95 Okl.Cr. 6, 237 P.2d 920, 921, we said:

"The proof of the fact of intoxication or sobriety does not require special knowledge, and need not be made by expert testimony. The witness by whom the proof is sought to be made may describe the facts and circumstances which led to his conclusion, or he may simply state the fact of intoxication or sobriety."

The judgment appealed from is affirmed.

JONES, P. J., and BRETT, J., concur.