**Gilbert Eugene STONE, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14455.**

Court of Criminal Appeals of Oklahoma.

Sept. 24, 1969.

Sam J. Goodwin, Pauls Valley, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BRETT, Presiding Judge.

Plaintiff in error, Gilbert Eugene Stone, was charged in the County Court of Garvin County with the offense of Operating A Motor Vehicle While Under the Influence of Intoxicating Liquor, was tried by a jury, found guilty and his punishment was fixed at a fine of fifty dollars ($50.00), and confinement in the county jail for a period of 180 days. Judgment and sentence was imposed on May 24, 1967, from which judgment and sentence plaintiff in error perfected his appeal to this Court. Plaintiff in error will hereafter be re-ferred to as defendant, as he appeared in the trial court.

Defendant testified in his behalf and denied that he was driving under the influence of intoxicants; but he did admit that he and his friend had been drinking beer and wine during the day. Defendant's friend, the other man found sleeping in the rear seat of the overturned automobile, testified also that the two had been hunting and had drunk beer and wine, during the day. The State's case set forth that defendant was driving while under the influence of intoxicants and for that reason his car overturned on the county road and ended up in a bar-ditch. Defendant's explanation was that because he was sleepy and the road was muddy, his small Simca car overturned and went into the ditch when it skidded. Clearly there was a conflict of testimony for the jury to consider. In this case that conflict was resolved against defendant, in that the jury returned a verdict of guilty against defendant.

Defendant's complaint concerning his arrest, as being illegal, comes too late at this stage of the proceedings, since no question concerning the legality of arrest has heretofore been made. The record also fails to reflect any timely objection thereto having heretofore being entered by defendant. Where no timely objection is made to challenge the legality of arrest, prior to the time a defendant enters his plea to the charge, the defendant waives any objection thereto. This Court recited in Hoskins v. State, Okl.Cr., 286 P.2d 293 (1955):

"This court is committed to the rule that where a defendant pleads to the merits of a criminal action he waives all objections to the legality of his arrest." See also: McGilvery v. State, 50 Okl.Cr. 376, 298 P. 312; and, Keeler v. State, 24 Okl.Cr. 206, 217 P. 228.

Defendant's demurrer to the evidence appears to be premised on two principal facts: That the admissibility of the wine bottle, found in the front seat of the

car was error; and the fact that defendant was found asleep in his overturned automobile, in a bar-ditch. However, in Willaford v. State, 97 Okl.Cr. 247, 261 P.2d 630 (1955), and Moran v. State, 95 Okl.Cr. 6, 237 P.2d 920 (1951), this Court held that a partially filled bottle of liquor found in the automobile of a defendant is admissible, as circumstantial evidence, against the driver in a prosecution for driving while intoxicated. The fact that defendant was asleep in his overturned car was another circumstance concerning the charge which was presented to the jury.

Clearly a question of fact, based upon circumstantial evidence, was presented to the jury. The jury chose to accept the State's contention that defendant had been drinking, and was driving while under the influence of intoxicants when his car overturned. Several of the State's witnesses testified that in their opinion defendant was intoxicated when he was removed from the car. There is no doubt in the Court's mind but that there was sufficient evidence presented to submit the case to the jury. In Linzey v. State, Okl.Cr., 302 P.2d 510 (1956), this Court said:

"Where there is any competent evidence reasonably tending to sustain the allegations of the information, the court should not sustain a demurrer to the evidence."

■ Having reviewed the record before the Court in this case, we are of the opinion that defendant received a fair trial and that the errors complained of are not sufficient to justify reversing defendant's conviction. However, we are of the opinion that the proper administration of justice in this particular case warrants a modification of the sentence imposed on the defendant. There appears little doubt that the prosecutor's cross-examination of defendant, concerning defendant's previous pleas of guilty, to being drunk, were couched in such a manner as to cause the defendant to appear worse than he was actually proved to be. Therefore, we believe such interrogation—without proof—caused

the jury to assess an excessive sentence under the facts of this case. Therefore, the defendant's sentence should be modified.

It is therefore the order of this court that the judgment and sentence imposed on defendant in Garvin County Court case number 9529, on the 24th day of May, 1967, imposing a fine of fifty dollars ($50.-00) and confinement in the county jail for one hundred and eighty (180) days, should be and the same is hereby modified to a fine of fifty dollars ($50.00) and confinement in the county jail for a period of thirty days (30), and as modified the judgment and sentence is affirmed.

Judgment and sentence, as modified, affirmed.

BUSSEY and NIX, JJ., concur.