**Commie BRITTON, Jr., Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14886.**

Court of Criminal Appeals of Oklahoma.

March 4, 1970.

Red Ivy, Chickasha, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Robert D. McDonald, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

Plaintiff in Error, Commie Britton, Jr., hereinafter referred to as defendant, was charged by information in the County Court of Caddo County, Oklahoma, with the crime of Driving and Operating a Motor Vehicle While Under the Influence of Intoxicating Liquors.

On March 20, 1968, this case was tried by a jury, and on the same date, the jury returned a verdict finding the defendant guilty as charged in the information, and assessed his punishment at 10 days imprisonment in the Caddo County Jail and a $100.00 fine. From that judgment and sentence defendant has perfected his appeal to this Court.

The records on appeal reflect the following: Oklahoma highway patrol trooper, Filmore Edgmon, testified, that while travelling south on State Highway 8, six and one-half miles south of Anadarko, Oklahoma, he met the defendant driving north,·

in the center of said highway. He testified that upon turning around he followed the defendant for approximately one-fourth mile, during which time he observed the defendant weaving from the right shoulder of the highway, back to the center line of the highway. Trooper Edgmon turned on his red light, stopped the vehicle, removed defendant, and his passenger from the car; and he then moved defendant's vehicle off the highway, and arrested the defendant. Trooper Edgmon found a bottle of whiskey lying on the dash in defendant's vehicle, which was introduced into evidence as State's Exhibit No. 1. It was trooper Edgmon's opinion, after observing the defendant, that the defendant was not sober. In addition to Trooper Edgmon's testimony, which corroborated the testimony concerning defendant's condition, of being under the influence of intoxicating liquor.

Defendant's only proposition is; "Error in permitting the witness, C. W. Taylor, to give an opinion as to the defendant's state of sobriety without a proper foundation being laid for said opinion."

■■ The only authority cited by defendant to support his proposition is Colbert v. State, 4 Okl.Cr. 500, 113 P. 558 (1910), which is not applicable to the facts of the instant case. This Court provided in Templeton v. State, 293 P.2d 636 (1956):

> "The proof of the fact of intoxication or sobriety does not require special knowledge, and need not be made by expert testimony. The witness by whom the proof is sought to be made may describe the facts and circumstances which led to his conclusion, or he may simply state the fact of intoxication or sobriety."

See also: Moran v. State, 95 Okl.Cr. 6, 237 P.2d 920 (1951).

We are therefore of the opinion, that the judgment and sentence of the County Court of Caddo County, Oklahoma, case no. 13523, should be, and the same is therefore, affirmed.

BUSSEY and NIX, JJ., concur.