**Ronald Lee PIERCE, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15742.**

Court of Criminal Appeals of Oklahoma.

March 15, 1972.

Judd L. Black, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., Paul Ferguson, Asst. Atty. Gen., Chief, Crim. Div., for defendant in error.

BRETT, Judge:

Plaintiff in Error, Ronald Lee Pierce, hereinafter referred to as defendant, was

convicted by jury verdict in the District Court of Oklahoma County, Case No. 35,440, of robbery with firearms, after former conviction of a felony, and sentenced to ninety-nine (99) years imprisonment. Judgment and sentence was imposed on February 21, 1969. This Court, by order dated June 16, 1969, in our case Number A–15,392, granted an appeal out of time.

Specifically, defendant was charged with robbing at gunpoint a pharmacist at the Agnew Drug Store in Oklahoma City on June 24, 1968. Kelly Petree testified that he was a pharmacist at the Agnew Pharmacy on June 24, 1968, and at about 10:45, he was robbed by a man with a firearm whose entire head, except for his eyes and mouth, was wrapped in a bandage. Mr. Petree was unable to identify the robber, and although he had known the defendant since he was a small boy, he could not say that the defendant and the robber were one and the same.

Charlotte Smith, a seventeen-year-old clerk, employed at the Agnew Pharmacy, testified that she witnessed the robbery and identified the defendant as the robber. When queried as to how such identification was possible since the robber's head was covered with a bandage, she testified that she recognized him by his eyes. Miss Smith stated that she thought the eyes were brown, and when asked on examination if she would be surprised to learn that they were blue, she simply replied that she thought they were brown.

George Edmister testified that he was present in the Agnew Pharmacy during the robbery, but that he was unable to identify the robber. Mr. Edmister related that he had known the defendant since he was a small boy, but that he could not identify the defendant as being the robber.

The other evidence established that the defendant had rented a motorcycle on the day of the robbery, which was found in a garage of the defendant's niece's home. Also found in the garage was an "ace" bandage, a gun, and a brown sack filled with narcotic drugs. The pharmacist was able to identify only one of the bottles as having the price mark of his pharmacy.

It is defendant's contention that the search of the garage was unlawful, and the fruits thereof inadmissible, since defendant did not consent to the search and the search was conducted without a warrant. It may well be that the defendant had sufficient standing to challenge the legality of the search. See Lindsey v. State, Okl.Cr., 488 P.2d 935 (1971), and Wing v. State, Okl.Cr., 490 P.2d 1376 (1971). However, we are unable to determine this question from the record, since there was no motion to suppress and no hearing thereon. It does not appear that during the trial the defense counsel entered an objection on the basis of an illegal search of the items seized in the garage or the testimony concerning same. Furthermore, defendant did not raise the question of illegal search in the motion for a new trial. Accordingly, it is not possible for this Court to decide whether the search and seizure was illegal. It is incumbent upon the defendant in seeking appeal to bring a sufficient record before the court in order to determine the issues raised. The burden of proving the invalidity of the search rests on the defendant. Daniels v. State, Okl.Cr., 441 P.2d 494. We therefore hold that the defendant has waived the right to complain of illegal search due to his failure to raise the issue in the trial court and his failure to present on appeal a sufficient record to determine the question.

It is defendant's second proposition that there was misconduct when a juror communicated with the deputy sheriff who was guarding the defendant during a recess in the trial before the jury had received its instructions and the case had been submitted for a decision. The conversation between the deputy sheriff and the juror was noted by defense counsel at the trial, who notified the judge. However, no record was made at that time and the juror's name was not ascertained. Subsequently, on the motion for new trial, the deputy sheriff was called and testified that the ju-

ror approached him and asked what his position was, or what job he held. The deputy sheriff advised the juror that he was with the sheriff's office, and that he was guarding the defendant. When the trial court was advised that a juror was communicating with the officer in the presence of the defendant, the court should have immediately ascertained the name of the juror and attempted to find out if misconduct had been committed. This would have made it possible for the juror to be called and a record made. However, defense counsel was not sufficiently diligent in making an adequate record.

In Muller v. State, Okl.Cr., 456 P.2d 903, 904 (1969), this Court held:

"In a criminal case where misconduct of the jury is alleged, if the misconduct occurred before the case is finally submitted to the jury, the burden is on the defendant to show that the alleged misconduct was prejudicial to him."

Since the alleged misconduct occurred before the case was finally submitted to the jury, we find that the defendant failed to sustain his burden to show that the alleged misconduct was prejudicial. For this reason, we conclude that this contention is without merit.

Defendant makes the further contention that it was error for the trial court not to instruct on alibi. Although the defendant did not present any evidence indicating that he was at another place at the time of the robbery, the State's evidence could justify the conclusion that the defendant was elsewhere at the time of the robbery. However, counsel for the defendant has the duty of making a request for additional instructions in writing. Campbell v. State, 42 Okl. Cr. 156, 274 P. 1094. Defense counsel did not make a specific request or offer an instruction as to alibi. As stated in York v. State, 40 Okl.Cr. 312, 269 P. 323:

"Where a defendant is on trial and the evidence raises the defense of an alibi, and the defendant does not request an instruction upon such defense and does

not except to the action of the court in not instructing on such point, a conviction will not be reversed on that ground, unless it clearly appears from the record that the defendant was injured thereby."

We therefore conclude that by defendant's failure to request instruction on alibi, he waived any error in this regard.

Defendant also contends that it was error to admit as exhibits the judgments and sentences of defendant's former convictions, as there was no proof that the defendant had the effective assistance of counsel or had waived same at the time of the former convictions, citing Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319. Defendant did not raise this issue at the time of trial. Furthermore, the judgments and sentences indicate on their face that defendant was "represented at all appearances before the court by his attorney of record." We cannot presume waiver from a silent record; however, the record in this case is not silent as it indicates that defendant had counsel at his prior convictions. Accordingly, we find this argument to be without merit.

Although we find no errors requiring reversal of the conviction, we are of the opinion that there is basis for modification due to errors not requiring reversal. The prosecuting attorney was allowed to circulate among the jury each of the bottles of drugs found in the paper sack in the garage, although the testifying witnesses were not able to state that these were the drugs taken in the robbery, or that they had come from the pharmacy. It is apparent that such improper conduct had a prejudicial effect upon the jury. We, therefore, conclude that the judgment and sentence of ninety-nine (99) years imprisonment must be modified to a term of 45 years, and as so modified, the judgment and sentence is hereby affirmed.

Modified and affirmed.

BUSSEY, P. J., and SIMMS, J., concur.