**Jerry Don SHELTON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–77–685.**

Court of Criminal Appeals of Oklahoma.

Aug. 17, 1978.

Bob E. Bennett, Ada, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Duane N. Rasmussen, Legal Intern., for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, Jerry Don Shelton, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Pontotoc County, Case No. CRF–77–20, for the offense of Driving While Under the Influence of Intoxicating Liquor, a Second and Subsequent offense, in violation of 47 O.S. 1971, § 11–902. His punishment was fixed at three (3) years' imprisonment and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial Bob Cole testified that on the evening of February 26, 1977, he and his wife went to a ball game. They were proceeding south on Mississippi Street when another vehicle pulled in front of them. Cole applied his brakes but struck the other vehicle. He identified the defendant as the driver of that vehicle. A passenger got out of the vehicle and the defendant followed him out on the passenger's side. The passenger walked off stating he was going for help. Cole detected the odor of alcohol but was unable to determine if it came from the defendant or from inside the vehicle. Captain Miller arrived at the scene and subsequently took custody of the defendant.

Loretta Cole's testimony did not differ substantially from the testimony of her husband. She testified that immediately following the accident, she observed the defendant sitting behind the steering wheel. She observed a liquor bottle and cans of beer inside the defendant's vehicle.

Captain Tom Miller of the Ada Police Department testified that he investigated an accident at approximately 7:00 p. m. on February 26, 1977. He observed the defendant sitting in a 1969 Ford. He asked the defendant if he had been driving the vehicle and the defendant stated that he had not been the operator. Defendant's speech was slurred and he had a strong odor of alcohol about his person. He removed the defendant from the vehicle and placed him in his police unit. He found an open bottle of whiskey laying on the front floorboard of defendant's vehicle. Defendant was advised of his rights as to a chemical test and consented to blood test. He was transported to a hospital where a technologist took a blood sample. The sample was sealed and subsequently mailed to the Oklahoma State Bureau of Investigation Office in McAlester. He further testified that in his opinion defendant was very drunk.

Cheryl Weems testified that she was employed as a medical technologist at the Valley View Hospital, and that on the evening of February 26, 1977, she took a blood sample from the defendant. The blood was placed in two vials which she gave to Captain Miller.

Gerald Belyeu testified that he was employed as a forensic chemist with the Okla-

homa State Bureau of Investigation. He performed an analysis of the defendant's blood sample and found that it had an alcohol content of .26% weight per volume.

Defendant did not testify nor was any evidence presented in his behalf.

Defendant asserts in his first assignment of error that the procedure under which defendant was bound over for trial at the preliminary examination was irregular and violated defendant's constitutional rights. Defendant argues that the trial court did not have jurisdiction in that he received the notice of his trial date prior to the time he was bound over for trial after preliminary examination. This assignment of error is not properly before this Court in that the "notice of trial date was not made a part of the defendant's record." We have consistently held that errors not ascertainable from the defendant's record are not properly before this Court. See *Sherman v. State,* 20 Okl.Cr. 306, 202 P. 521 (1921) and *Jones v. State,* Okl.Cr., 527 P.2d 169 (1974). Assuming that defendant did, in fact, receive a notice of trial prior to his preliminary hearing, defendant has totally failed to show how he was prejudiced thereby. Defendant did, in fact, have a preliminary hearing and was bound over some twenty days prior to the date of his actual trial. We therefore find this assignment of error to be without merit.

Defendant contends in his second assignment of error that the trial court erred in allowing testimony that a bottle of whiskey and beer was found in the defendant's vehicle. Defendant does not object to the search and seizure but rather urges that the testimony was incompetent, irrelevant, immaterial and prejudicial to his right to a fair trial. We are of the opinion that this assignment of error is wholly without merit. In *Stone v. State,* Okl.Cr., 461 P.2d 962 (1969) wherein the defendant asserted a similar proposition, we stated:

"[I]n *Willaford v. State,* 97 Okl.Cr. 247, 261 P.2d 630 (1955), and *Moran v. State,* 95 Okl.Cr. 6, 237 P.2d 920 (1951), this Court held that a partially filled bottle of liquor found in the automobile of a de-

fendant is admissible, as circumstantial evidence, against the driver in a prosecution for driving while intoxicated."

For his third assignment of error the defendant alleges that his constitutional rights were violated by the extraction of the blood sample. Defendant argues that he did not "knowingly" waive his privilege against self-incrimination in that he was too intoxicated to give a conscious waiver of any right. From the facts and circumstances in the instant case it is readily apparent that the defendant was conscious at the time of electing and consenting to take the blood test within the meaning of Title 47 O.S.Supp.1977, § 753. The results of the blood test were admissible. In *Ross v. State,* Okl.Cr., 556 P.2d 638 (1976) we stated:

"... It is the results of the tests which are presented in evidence, and the results are not protected by either the Fifth Amendment to the United States Constitution nor Article II, § 21 of the Oklahoma Constitution."

For his fourth assignment of error the defendant asserts that the trial court erred in denying his request for a one day continuance for the purpose of locating a defense witness. We must disagree. The record reflects that the defendant made an oral request for continuance based on the missing witness after the State announced ready. The trial court examined the court file and ascertained that the subpoena had not been issued until the date of trial. Under such circumstances the trial court did not abuse its discretion in ruling that the subpoena was not diligently issued. *De-Wolf v. State,* 95 Okl.Cr. 287, 245 P.2d 107 (1952). The defendant failed to comply with the statutory requirements of 12 O.S. 1971, § 668 which have been found by this Court to be fundamental in a motion for a continuance. See *Wartson v. State,* Okl.Cr., 560 P.2d 1044 (1977).

For his fifth assignment of error defendant contends that the prosecuting attorney made improper remarks during his closing argument. We carefully examined

each of the alleged seven improper remarks and find that on six occasions defendant failed to properly preserve the same by objecting and requesting that the jury be instructed to disregard the remark. We have consistently held that when this is not done, defendant is deemed to have waived any objection unless the remarks are so fundamentally prejudicial that the trial court cannot correct the error by instruction to the jury. See *Bauhaus v. State,* Okl.Cr., 532 P.2d 434 (1975).

■ We agree with the defendant's assertion that the sixth remark, which was objected to together with a request that the jury be admonished, was improper. The record reflects that during the closing argument of the second stage of the proceeding the prosecuting attorney stated:

". . . think what long term effect your verdict might have upon members of your family and close friends of yours who might some day become victims of people like Jerry Don Shelton. Keep that in mind. . . ." [Tr. 155–156].

Although this Court does not condone such remarks, we must find that because of the overwhelming evidence of the defendant's guilt and the punishment imposed, the remarks did not prejudice the jury. We have previously held that it is only such cases where the misconduct of the prosecuting attorney is such as to be grossly unfair and unwarranted as to improperly prejudice the jury will a case be reversed. See *Raper v. State,* Okl.Cr., 560 P.2d 978 (1977).

As his sixth assignment of error the defendant alleges that the trial court committed error by refusing his request for transcript of the preliminary examination, transcript of the previous conviction and other items of record requested by the defendant to be furnished at the expense of the State.

■ Defense counsel urges that this material is necessary in order to determine the validity of the prior conviction. We are of the opinion that the trial court did not err in refusing to grant the defendant a transcript of the preliminary examination at public expense. The record discloses that not until the day of trial did the defendant

request the preparation of such transcript. There was no exercise of due diligence nor does the record demonstrate any prejudice to the defendant. See *Raper v. State,* supra, and *Kirk v. State,* Okl.Cr., 555 P.2d 85 (1976).

■ The defendant's request for the entire record of CRM–76–662, the prior conviction, was likewise properly denied in that it was not introduced nor made a part of the record in the instant case. If the defendant wishes to attack the validity of his conviction in CRM–76–662 he must do so under the provisions of 22 O.S.1971, § 1080 et seq. Exhibit No. 2, a copy of the Judgment and Sentence entered upon a plea of guilty in CRM–76–662 and Exhibit No. 3, Waiver of Constitutional Rights on Plea of Guilty, signed by the defendant provides prima facie evidence of the validity of the prior conviction.

Although the defendant alleges that other items were requested, he fails to establish that a timely request was made that they be transcribed during the trial and that the same were in fact transcribed and again he fails to demonstrate how he was prejudiced.

For all of the foregoing reasons we find this assignment of error to be without merit.

■ For his seventh assignment of error defendant urges that the verdict did not represent the unanimous consent of the jurors, because of the hesitancy on the part of one of the jurors when the trial court polled the jury. We have carefully examined the dialogue between the trial court and the juror and observe that although the juror did appear to be hesitant when questioned about the verdict, she did respond affirmatively when specifically directed by the trial court to respond "a yes or a no." The trial court who had the opportunity to observe the demeanor of the juror was satisfied that she had voted guilty and under such circumstances this Court will not substitute its judgment for that of the trial court.

For his eighth assignment of error, defendant alleges that the verdict is not sustained by sufficient evidence and is therefore contrary to the law. We are of the opinion that this assignment of error is patently frivolous. The evidence of the defendant's guilt was uncontradicted and overwhelming.

As his ninth assignment of error, defendant contends that he received a severer penalty than was appropriate because of the publicity concerning the death of a highway patrolman in Oklahoma City caused by an intoxicated hit and run driver. Defendant candidly admits that he is unable to prove that the publicity concerning the unrelated offense had a direct impact on the jury but asked that this Court make an affirmative finding that the publicity effected the jury's verdict. This Court will not enter into such speculation. To the contrary we are of the opinion that the sentence of three (3) years would indicate that the jury was not unduly affected by the publicity.

For his final assignment of error defendant contends that irregular conditions were placed on his posting of bail pending appeal. In support of this assignment of error defendant states in his brief as follows:

"The events are not included in the record, but Appellant reported to counsel that said Appellant desired to post bail pending appeal, but was informed by the trial court that if he had the resources to provide bail, then the Court had the right and duty to make an inquiry as to the source of the resources available to Appellant for bail purposes and would have to take this into consideration before the Court would be bound to appoint counsel to appeal the case and furnish Appellant a transcript and record for the purpose of appeal at the expense of the State. Thereupon, Appellant decided not to post bail because he desired to have his case appealed."

We agree with the defendant's contention that the fact that a person might be able to obtain bond from outside sources should not have any bearing on his right to court-appointed counsel and transcript at the expense of the State if he is indigent. However, a trial court has the duty to make inquiries as to a person's financial condition including the source of the bail prior to ruling on an application for court-appointed counsel and transcript. Having determined that the trial court's actions were proper we therefore find this assignment of error to be without merit. In conclusion we observe the record is free of any error which would justify reversal or justify modification. The judgment and sentence is *AFFIRMED*.

CORNISH, J., concurs in results.

BRETT, J., concurs.