Kenneth R. PARSONS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. M–79–61.

Court of Criminal Appeals of Oklahoma.

Nov. 27, 1979.

Milor, Eakin & Burns, Charles A. Milor, Marietta, for appellant.

Jan Eric Cartwright, Atty. Gen., Duane N. Rasmussen, Asst. Atty. Gen., William Brad Heckenkemper, Legal Intern, for appellee.

## OPINION

**BUSSEY, Judge:**

Appellant, Kenneth R. Parsons, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Love County, Case No. CRM–78–176, for the offense of Driving Under the Influence of Intoxicating Liquor, in violation of 47 O.S.1971, § 11–902. His punishment was fixed at ten (10) days in the county jail and a One Hundred Dollar ($100.00) fine. From said judgment and sentence an appeal has been perfected to this Court.

We will discuss initially defendant's second assignment of error. Defendant challenges the sufficiency of the evidence at trial in two respects: first, the evidence was insufficient to show that the arresting Highway Patrol trooper had a legal right to arrest defendant and second, the evidence was rendered insufficient by the trooper's inability to identify defendant's automobile as one of those clocked on radar at excessive speeds at the commencement of the chase which led to defendant's arrest. At trial, the prosecution relied upon the testimony of Highway Patrol Trooper Leon Brown. The trooper's testimony was that on the evening of August 5, 1978, he clocked two vehicles traveling southbound on Interstate 35 at speeds in excess of 102 miles per hour. He took up pursuit and followed them until one turned off the Interstate at the Thackerville exit. The trooper also took the Thackerville exit and continued pursuit, the other vehicle having proceeded on down the Interstate and merged with other traffic. The trooper observed the car he was following run two stop signs, weave erratically and run off the roadway several times before finally coming to a stop. Trooper Brown advised the sole occupant, defendant, of his Miranda rights and administered a Breathalyzer test. The test indicated a .14% blood alcohol content and the trooper observed an open bottle of liquor on the front seat of the car.

Defendant's contentions that the evidence is rendered insufficient by the trooper's inability to identify defendant's car by make and model as one of the two vehicles clocked on radar and that no probable cause existed for the arrest are patently frivolous. Trooper Brown's testimony that the car driver ran stop signs, weaved erratically and left the roadway was ample to justify the arrest as for a misdemeanor committed in the trooper's presence. The trooper's further testimony that the defendant was the sole occupant and driver of the automobile and that, in his opinion, the defendant was intoxicated, which opinion was based on the trooper's observation of the defendant at the scene of the arrest and corroborated by the results of the Breathalyzer test, was more than sufficient to support the jury verdict.

 Defendant's first assignment of error, that the trial court committed fundamental error in permitting a juror who was a hunting buddy of Trooper Brown to remain on the jury, is not properly before us. Counsel for defendant passed the juror for cause at voir dire and failed to exercise available peremptory challenges; further, counsel did not raise the issue in the motion for new trial and, in fact, raises the issue for the first time on this appeal. Under such circumstances defendant will not be allowed to complain for the first time on appeal. See 12 O.S.1971, § 572; *Crow v. State*, Okl.Cr., 551 P.2d 279 (1976); *Blozy v. State*, Okl.Cr., 557 P.2d 451 (1976). Even if this issue had been properly preserved, counsel has failed to show that the juror was biased or prejudiced.

 In his third assignment of error, defendant contends that fundamental error was committed when Trooper Brown was permitted to testify as to the presence of the open bottle of liquor in defendant's car at the time of arrest. We note that the trial court sustained defense counsel's objection to the testimony and admonished the jury to disregard it. However, this evidence was clearly admissible and, even had the judge not admonished the jury to disregard it, no fundamental nor reversible error could have resulted. *Moran v. State*, 95 Okl.Cr. 6, 237 P.2d 920 (1951); *Willaford v. State*, 97 Okl.Cr. 247, 261 P.2d 630 (1953); *Stone v. State*, Okl.Cr., 461 P.2d 962 (1969); *Sledge v. State*, Okl.Cr., 490 P.2d 771 (1971). This assignment of error is also without merit.

 Defendant also contends that the punishment imposed was excessive. We note that the 10 days in county jail and $100.00 fine imposed are well within the range provided by 47 O.S.Supp.1978, § 11–902(c), which provides in relevant part as follows:

"(c) Every person who is convicted of a violation of this section shall be deemed guilty of a misdemeanor for the first offense and upon conviction thereof shall be punished by imprisonment in an accredited or approved jail for a period of time not less than ten (10) days nor more than one (1) year, and a fine of not more than Five Hundred Dollars ($500.00)."

Further, the record is free of any error which would require modification or reversal.

For all of the reasons above set forth, we are of the opinion that the judgment and sentence appealed from should be and the same is hereby *AFFIRMED.*.

CORNISH, P. J., and BRETT, J., concur.