Tracy M. GEARY, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–83–671.

Court of Criminal Appeals of Oklahoma.

Nov. 6, 1985.

Rehearing Denied Dec. 23, 1985.

---

**9.** See, *Kirkland,* 521 P.2d at 1365.

**10.** *Thiry v. Armstrong World Industries,* 661 P.2d 515 (Okl.1983).

Thomas G. Smith, Special Counsel, Norman, for appellant.

Michael C. Turpen, Atty. Gen., William H. Luker, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

The appellant, Tracy M. Geary, was charged, tried and convicted in the District Court of Okmulgee County, Oklahoma, Case No. CRF–83–3, for the offense of Driving Under the Influence of Intoxicating Liquor, Subsequent Offense. His sentence was fixed at a term of five (5) years imprisonment in the State Penitentiary. We affirm.

The uncontroverted testimony revealed that on the evening of January 1, 1983, Officers Mike Claver and Jim Lemay were on routine patrol in the city of Henryetta, Oklahoma. At approximately 9:45 p.m., the officers received a radio message advising them of a Citizen's Band (CB) Radio report of a vehicle traveling west on the eastbound lane of Interstate 40 between the two Henryetta exits. Officer Claver contacted a highway patrol officer by radio and advised him of the situation. The state trooper requested that the officers try to spot the automobile and that he would proceed there as soon as possible.

Responding to the request, Officers Claver and Lemay entered the expressway and proceeded west on the westbound lane. Upon spotting a vehicle traveling 50 to 55 miles per hour, traveling west on the eastbound lane, Officer Claver engaged his siren and red lights and directed a spot light on the appellant's vehicle. The appellant continued driving for two miles before finally stopping with his vehicle partially on the shoulder and on the highway.

As testified by both officers, the appellant, upon exiting his vehicle, was having difficulty walking, his clothes were in disarray, his eyes were bloodshot, his speech was slurred and sloppy, and he had the odor of alcohol on his breath. The appellant was asked to produce his driver's license but had difficulty in locating it, even though it was in plain sight. At this point, the appellant was handcuffed and placed under arrest.

Officer Claver placed the appellant in his patrol car and contacted the highway patrol officer on his radio. The state trooper, who was temporarily detained, requested that Officer Claver take the appellant to Henryetta. Upon an inventory of the appellant's car before leaving the scene, Officer Lemay recovered an open, half gallon container of whiskey under the front seat.

Officer Claver again contacted the highway patrol trooper after arriving in Henryetta. The trooper told Claver to advise the appellant of his chemical rights and to administer a breathalyzer test to the appellant if he wanted one. The appellant was advised of his rights and agreed to the test. The test result showed that there was 0.22 percent weight by volume blood alcohol concentration in the appellant's bloodstream.

## I.

In his first assignment of error, the appellant contends that the evidence at trial was the product of an illegal arrest, since the arresting officers were acting outside their jurisdiction. We disagree. We have previously held that a police officer's authority cannot extend beyond his jurisdiction, viz. the city of his employer. *Graham v. State*, 560 P.2d 200 (Okl.Cr.1977). Furthermore, outside a police officer's region of authority, he acts as a private citizen, absent the established exceptions of fresh pursuit or the pursuit of an escapee. *Knowlton v. State*, 574 P.2d 1059 (Okl.Cr. 1978). However, other exceptions to this general rule may be authorized by statute. *See, Graham, supra.*

In *Graham, supra* at 203, this Court stated that "one municipality can request the assistance of another munici-

pality's police officers pursuant to 11 O.S. 1971, § 20.6." Similar wording is found in the Highway Safety Code, 47 O.S.Supp. 1982, § 2–117(2), to wit:

> This section shall not limit a member of the Oklahoma Highway Patrol Division from requesting assistance from any other law enforcement agency nor limit officers of such agency from rendering the requested assistance. The officer and the law enforcement agency responding to the request of the member of the Oklahoma Highway Patrol Division or sheriff's department shall have the same rights and immunities as are possessed by the Oklahoma Highway Patrol Division.

Since a member of the State Highway Patrol has the "authority to arrest without a writ, rule, order or process any person detected by him in the act of violating any law of the state," 47 O.S.Supp.1982, § 2–117(2), it therefore follows that any officer acting upon the request of a State Highway Patrol officer has the same rights and immunities thereof. In the instant case, Officers Claver and Lemay were acting upon the direction and request of a State Highway Patrol officer and therefore derived the right to apprehend the appellant from the said officer. Accordingly, the appellant's first assignment of error is without merit.

## II.

■ In his second assignment of error, the appellant contends that the trial judge committed reversible error by allegedly commenting on the appellant's failure to testify. This assignment of error has been waived since the appellant did not object at trial to the comments of the trial judge which he now finds objectionable. This Court has previously held that failure to object to the trial court's remarks is fatal since the alleged error is not preserved for review on appeal. *Stowe v. State,* 590 P.2d 679 (Okl.Cr.1979). Furthermore, we find the appellant's contentions are without merit since a review of the record reveals that the comments by the trial judge were in no way prejudicial. This assignment of error is wholly without merit.

## III.

■ In his third assignment of error, the appellant asserts that the trial court erred by not delivering to the jury a special cautionary instruction concerning the appellant's failure to testify. We disagree. This Court held in *Cole v. State,* 645 P.2d 1025 (Okl.Cr.1982) that a trial court's failure to administer a cautionary instruction is not fundamental error when the defendant neglects to request such an instruction. *See also Carter v. Kentucky,* 450 U.S. 288, 101 S.Ct. 1112, 67 L.Ed.2d 241 (1981). The appellant in this case did not request such an instruction; therefore, this assignment of error is without merit.

## IV.

■ In his fourth assignment of error, the appellant contends that his right to a fair trial was prejudiced by irregularities in the trial court's jury instructions. This assignment is wholly without merit since the record does not show that the appellant objected to any of the trial court's instructions or submitted any requested instructions to the court. This Court has held that "where a defendant fails to object to instructions given and does not submit requested instructions, and where the instruction given adequately covered the subject matter of inquiry, any error was waived." *Maghe v. State,* 620 P.2d 433, 436 (Okl.Cr.1980). Since the instructions in the instant case adequately covered the subject matter of inquiry, and because of the waivers noted above, this assignment of error is wholly without merit.

## V.

In his fifth assignment of error, the appellant contends that his right to a fair trial and the length of his punishment were adversely affected by the admission of allegedly prejudicial evidence and improper comments by the prosecutor.

### A.

The appellant first contends that the admission of an opened, half-empty, half gallon container of whiskey found in the appellant's automobile on the night in question was prejudicial. He asserts that the officer's testimonial references to the bottle of liquor may have been admissible, but the bottle itself was erroneously admitted into evidence. This Court has previously held that a partially empty container of liquor is admissible, as circumstantial evidence, against the driver of the automobile in which the bottle was found, in a prosecution for driving under the influence of intoxicating liquor. *Stone v. State*, 461 P.2d 962 (Okl.Cr.1969). *See also Moran v. State*, 95 Okl.Cr. 6, 237 P.2d 920 (1951) and *Willaford v. State*, 97 Okl.Cr. 247, 261 P.2d 630 (1953). This contention is therefore without merit.

### B.

In his second contention, the appellant asserts that the prosecutor misstated the law, during his closing argument, by expressing an opinion on the legal effect of the appellant's breathalyzer test result. At page 67 of the transcript, the following appears:

MR. MOORE: [Prosecutor] Ladies and Gentlemen of the Jury, Mr. Martin, co-counsel, we have listened to some testimony today involving a breathalyzer scientific machine. The bottom of the scale is point zero up to point one zero. That is the first important plateau, point one zero. At this level the Oklahoma statutes say you're driving under the influence from this point one—

MR. MARTIN: [Defense Counsel] If I could object to what he just said.

THE COURT: Ladies and Gentlemem of the Jury, statements of counsel are not evidence in this case. If they're contrary to any evidence put in, you should disregard them.

It is clear that the trial judge properly admonished the jury in the instant case. Moreover, in instruction number 5, the jury was informed that a reading of over .10% by weight of alcohol in a person's bloodstream was only *prima facie* evidence of intoxication, and was not conclusive. *See Buchanan v. State*, 512 P.2d 1382 (Okl.Cr. 1973). Since the error was not substantial, and the jury was admonished, this contention is also without merit.

### C.

The appellant also asserts that other comments made by the prosecutor were prejudicial. However, since the appellant failed to object to these allegedly prejudicial statements, any error that may have been created by the statements was consequently waived. "This Court has long recognized the general rule that objections must be made in order to preserve an error for appeal." *Pekah v. State*, 660 P.2d 652, 653 (Okl.Cr.1983). Furthermore, upon review of the record, the comments made by the prosecutor were neither inflammatory nor prejudicial. It therefore follows that this contention and the appellant's fifth assignment of error is also without merit.

### VI.

In his sixth assignment of error, the appellant contends that his conviction and punishment are invalid because the prior conviction involved a guilty plea entered by the appellant without counsel, and that the State failed to prove that representation by counsel was waived. We disagree. The State did offer proof that the appellant was represented by counsel. State's Exhibit No. 4, which is a certified copy of the Judgment and Sentence on Plea of Guilty in Washington County, to a prior offense of Driving Under the Influence of Intoxicating Liquor, indicates on its face that the appellant was represented by counsel. This document was admitted into evidence without objection by counsel for the appellant. Addressing this issue in *Pierce v. State*, 495 P.2d 407, 410 (Okl.Cr.1972), this Court stated:

Defendant also contends that it was error to admit as exhibits the judgments and sentences of defendant's former convictions, as there was no proof that the

defendant had the effective assistance of counsel or had waived same at the time of the former convictions, citing *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319. Defendant did not raise this issue at the time of trial. Furthermore, the judgments and sentences indicate on their face that defendant was 'represented at all appearances before the court by his attorney of record.' We cannot presume waiver from a silent record; however, the record in this case is not silent as it indicates that defendant had counsel at his prior convictions. Accordingly, we find this argument to be without merit.

Similar to *Pierce, supra,* the appellant did not raise this issue at the time of trial. The judgment and sentence of his prior conviction also indicates on its face that the appellant was represented by counsel. Since appellant has failed to object or offer rebuttal evidence, the State has met its burden of proof.

The appellant also asserts that the State's Exhibit No. 4 was inadmissible since it did not contain a file stamp. We reject this contention since the document was certified by the court clerk of Washington County and has met the requirements of 12 O.S.1981, §§ 2902 and 3005.

Finally, the appellant implies that his trial counsel was incompetent by failing to object to the introduction of the prior judgment and sentence. We reject this contention as well. The United States Supreme Court set forth a two pronged test to determine whether a trial counsel's assistance was so defective as to require a reversal. The first prong requires that the appellant must show that the counsel's performance was deficient. Secondly, the appellant must show that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 2052, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Upon review of the record in the instant case, the trial counsel's assistance does not appear to be deficient or to have prejudiced the defense. The record is silent as to whether the appellant ever informed his lawyer that he

had not been represented by counsel or had waived counsel. Therefore, the trial counsel as well could have relied on the recital on the judgment and sentence. For the above stated reasons, the appellant's sixth assignment of error is without merit.

## VII.

In his seventh assignment of error, the appellant contends that his punishment for the conviction was excessive. We disagree. The appellant's sentence was within the limits provided by statute, under 47 O.S.Supp.1982, § 11–902(C). It does not, therefore, shock the conscience of the Court to impose punishment which is within statutory limits. Accordingly, this proposition is without merit.

## VIII.

In his last assignment of error, the appellant contends that the cumulative effect of the errors at trial prejudicially affected the determination of guilt and the excessive length of the sentence imposed. Since we have found no error in the record, we find this contention wholly without merit.

Finding no merit to the assignments of error presented, it is our opinion that the judgment and sentence appealed from should be and the same is, hereby, AFFIRMED.

BUSSEY, J., concurs.

BRETT, J., concurs in results.