STATE of Oklahoma, Appellant,

v.

Gary M. LEE, Appellee.

No. S–87–660.

Court of Criminal Appeals of Oklahoma.

Oct. 14, 1988.

Gary D. McCurdy, Asst. Dist. Atty., Kingfisher, for appellant.

## OPINION

BUSSEY, Judge:

Appellee, Gary M. Lee, was brought to trial in the District Court of Kingfisher County, Case No. CRM–87–55, on charges of Assault and Battery. His demurrer to the evidence was sustained at the close of the State's case in chief. From dismissal of the case, the State appeals on a reserved question of law.

As his basis for sustaining appellee's demurrer, the trial judge stated:

All right. [Defendant] [m]oves the case be dismissed for lack of evidence. That's sufficient.

Gentlemen of the Jury, we're approaching the two hundredth anniversary of the Constitution of the United States, and in the Constitution of the United States and the Bill of Rights we're offered certain protections ... that were put out by our founding fathers to protect us, in case of anything, from authority ...

... We're provided a guarantee of rights against certain arrests. Among these is that a person cannot be arrested on a misdemeanor by an officer without a warrant unless it's committed in his presence. The questions were just asked if the officer saw the incident. He did not. This is a misdemeanor. Defendant was arrested. And therefore ... it's still one of those provisions and one of those safeguards that we're guaranteed by the Constitution, and I must ... sustain the demur [sic] to the evidence ...

 Without denying the nobility of his words or doubting the sincerity with which they were spoken, we must respectfully disagree. First, the necessity of a warrant to make a misdemeanor arrest for a crime not committed in the presence of an officer is a requirement imposed by statute, and not the federal Constitution. The Fourth Amendment does guarantee the right of the people to be secure in their persons against unreasonable seizures. So also does our State constitution at Article II, § 30. However, the distinction between treatment of arrests for felonies and misdemeanors is created by statute. So long as

a statute authorizing arrest for commission of a misdemeanor does not permit unreasonable seizure of a person, no constitutional right is involved.

■ There was in this case a statutory exception to the warrant requirement. *See* 22 O.S.Supp.1987, §§ 40.3(B), 60.1(1), (2).[1] *See also* 22 O.S.Supp.1987, § 196, subd. 6. The victim of the crime charged was appellee's great-nephew, the incident occurred within four hours prior to the arrest, the officer observed the bruise on the victim prior to the arrest, and the charge involved an act of domestic abuse as defined in the statute. The statutes, at least as applied to these facts, do not authorize the unreasonable seizure of a person.

■ Secondly, we note that appellee never raised the issue of the legality of his arrest. The trial judge addressed this question *sua sponte* when appellee demurred to the sufficiency of the State's evidence. The long standing rule in this State was never more clearly declared than in *Stone v. State*, 461 P.2d 962 (Okl.Cr. 1969):

> Where no timely objection is made to challenge the legality of arrest, prior to the time a defendant enters his plea to the charge, the defendant waives any objection thereto.

*Id.* at 963.

The trial judge did not rely upon exclusion of evidence illegally seized to support his ruling, nor could he. No evidence at trial could be viewed as fruits of an unlawful arrest, even if the arrest had in fact been unlawful. His action was clearly contrary to the statutes and cases controlling this issue. Accordingly, we must rule in favor of the State's petition.

BRETT, P.J., concurs.

PARKS, J., specially concurs.

PARKS, Judge, specially concurring:

I concur in the result reached by the majority, but cannot join the rationale. The trial judge's reliance on the Fourth Amendment is unsupported by current precedent. The United States Supreme Court has never held a warrant is required to arrest a person for a misdemeanor not committed in the arresting officer's presence. W. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment* § 5.1(b), at 403 (2d ed. 1987).

As a general rule, an Oklahoma peace officer cannot make a misdemeanor arrest unless the offense is committed in his presence. 22 O.S.1981, § 196(1). One of the exceptions to this rule is where a peace officer has probable cause to believe a person has committed an act of domestic abuse. 22 O.S.Supp.1986, § 40.3(B); 22 O.S.Supp.1987, § 196(6). The record shows that Kingfisher Deputy Sheriff Barry Reilly arrested appellee in compliance with Section 40.3(B). Assuming *arguendo* the ar-

---

1. 22 O.S.Supp.1987, § 40.3(B) provides:
Warrantless arrest of certain persons:
 A peace officer may arrest without a warrant a person anywhere, including his place of residence, if the peace officer has probable cause to believe the person within the preceding four (4) hours has committed an act of domestic abuse as defined by § 60.1 of this title, although the assault did not take place in the presence of the peace officer. A peace officer may not arrest a person pursuant to this section without first observing a recent physical injury to, or an impairment of the physical condition of, the alleged victim.
22 O.S.Supp.1987, § 60.1 provides:
Definitions
 As used in this act and in the Domestic Abuse Reporting Act:
1. "Domestic abuse" means the occurrence of one or more of the following acts between family or household members:

a. causing or attempting to cause serious physical harm, or
b. threatening another with imminent serious physical harm, and
c. includes but is not limited to: Assault, as defined by § 641 of Title 21 of the Oklahoma Statutes; battery, as defined by § 642 of Title 21 of the Oklahoma Statutes; rape, as defined by § 1111 of Title 21 of the Oklahoma Statutes; and aggravated assault and battery, pursuant to § 646 of Title 21 of the Oklahoma Statutes; and
2. "Family or household members" means spouses, former spouses, parents, children, persons otherwise related by blood or marriage, or persons living in the same household or who formerly lived in the same household. This shall include the elderly and handicapped.

rest was illegal, the proper remedy was to exclude any evidence wrongfully obtained, but appellee "is not himself a suppressible 'fruit,' and the illegality of his detention cannot deprive the [State] of the opportunity to prove his guilt ... [with] ... evidence wholly untainted by the police misconduct." *United States v. Crews*, 445 U.S. 463, 474, 100 S.Ct. 1244, 1251, 63 L.Ed.2d 537 (1980). The State did not introduce any evidence wrongfully obtained. Clearly, the trial judge erred as a matter of law in dismissing the case based solely on an illegal arrest.

This appeal on a reserved question of law does not affect the directed verdict of acquittal rendered by the trial court, *see* 22 O.S. 1981, § 850, but merely settles a question of law. *See State v. Gray*, 71 Okl.Cr. 309, 111 P.2d 514, 521 (1941). Thus, the question of law relating to misdemeanor arrests is settled, but appellee cannot be retried.